REED SMITH LLP
Andrew L. Buck
599 Lexington Avenue
New York, New York 10022
Telephone: 212.521.5400
Fax: 212.521.5450
Email: abuck@reedsmith.com

and

Paul D. Moak (*Admitted Pro Hac Vice*)
221 McKinney Street, Suite 2100
Houston, TX 77010
Telephone: 713.469.3800
Fax: 713.469.3800
Email: pmoak@reedsmith.com

*Attorneys for Axpo U.S. LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>NEP HOLDINGS, INC., *et al.*,<br><br>Debtor.[1] | **Chapter 11**<br><br>**Case No.: 26-11988 (DSJ)**<br><br>(Jointly Administered) |

**SECOND LIMITED OBJECTION AND RESRVATION OF RIGHTS OF AXPO U.S. LLC TO ENTRY OF FINAL ORDER (I) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, (III) AUTHORIZING AND DIRECTING THE PREPETITION SECURED PARTY TO FACILITATE THE DEBTORS' USE OF CASH COLLATERAL, (IV) AUTHORIZING PAYMENT OF PREPETITION WAGES AND RELATED OBLIGATIONS, AND (V) SCHEDULING A FINAL HEARING**

Axpo U.S. LLC ("Axpo"), by and through its undersigned counsel, hereby submits this second limited objection and reservation of rights (this "Objection") to the motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for a final order

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: NEP Holdings Inc. (2807), Case No. 26-11988 (DSJ); Northeastern Power and Gas, LLC (3206), Case No. 26-11989 (DSJ); and Maven Energy, LLC (7779), Case No. 26-11990 (DSJ). The Debtors' principal place of business is 260 Madison Avenue, 8th Floor, New York, New York 10016.

authorizing the Debtors' Use of Cash Collateral, (ii) Granting Adequate Protection, (iii) Authorizing and Directing the Prepetition Secured Party to Facilitate the Debtors' Use of Cash Collateral, (iv) Authorizing Payment of Prepetition Wages and Related Obligations, and (v) Scheduling a Final Hearing entry of a Final Order [ECF No. 5] (the "Cash Collateral Motion"). In support thereof, Axpo states as follows:

**LIMITED OBJECTION**

1. Axpo is the Debtors' largest creditor by a wide margin, holding a claim in excess of $6.5 million secured by substantially all of the Debtors' assets. Throughout these cases, Axpo has been, and remains, supportive of the Debtors' continued operations, and has worked closely with the Debtors to provide interim use of its Cash Collateral in accordance with the terms of a consensual budget, as evidenced by its agreement to the terms of the Court's order granting the Cash Collateral Motion on an initial interim basis [ECF Nos. 18, 30] (together, the "Interim Orders").[2]

2. As described in its initial Limited Objection and Reservation of Rights with respect to the use of its cash collateral [ECF No. 28] (the "Original Objection"),[3] and reiterated at the hearing on the continued interim use of Cash Collateral on September 15, 2026, Axpo is willing to consent to the Debtors' continued use of its Cash Collateral on an interim basis subject to the following express conditions: (a) the Debtors' use of Cash Collateral being strictly limited to their actual, necessary business expenses and core operational necessities; (b) such use being limited in both scope and duration; and (c) the Debtors' demonstrable commitment to progress expeditiously towards a meaningful resolution of these cases through a recapitalization or a sale process.

[2] Capitalized terms used herein but otherwise undefined have the meaning provided in the Interim Orders.
[3] The Original Objection is hereby incorporated as if set forth at length herein.

3. Despite its close working relationship with Debtors' management, Axpo remains concerned that leadership fails to appreciate the Debtors' precarious financial condition or the urgent need to advance the sale process available to them today. As Axpo has previously informed the Court, the Debtors have consistently failed to timely deliver budgets, often neglecting to respond to Axpo's reasonable inquiries for days. More significantly, the Debtors' budgets universally fail to include necessary (and sometimes critical) expenditures, resulting in repeated "emergency" funding requests. These cases have been fraught with self-created emergencies, from the purported need to pay the prepetition commissions of brokers on less than 24 hours' notice to more recent last-minute requests to pay accountants and other estate professionals whose retention has not even been requested, let alone approved by the Court. While Axpo appreciates the demands imposed on the Debtors' management by the bankruptcy filing, the Debtors' failure to understand and timely address their near-term cash flows reflects not only a misapprehension of their business operations, but it also casts significant doubt on their longer-term cash forecasts, raising concerns about the Debtors' ability to fund an extended sale process.

4. Moreover, Axpo has serious misgivings about the Debtors' management's understanding of and willingness to comply with the bankruptcy process itself. Notwithstanding that nearly two months have passed since the commencement of these cases, the Debtors have not only failed to file their schedules but also have yet to file applications to retain counsel, an accountant, or other restructuring professionals despite the Interim Budget listing line items for those professionals and the Debtors' repeated urging that their fees be paid. To be clear, Axpo does not oppose the orderly retention and compensation of professionals who could potentially bring order to these cases, but as the Court is well aware those professionals cannot be retained or paid absent Court authorization to do so.

5. Even more troubling, just days ago Axpo learned—not directly from the Debtors but rather through an email forwarded by their accountant—that the Debtors had retained replacement counsel to represent them in these cases. Although we have confirmed with the Debtors' counsel of record that he is being replaced, Debtors' management has not responded to Axpo's request that new counsel contact this firm, and we have received no communications to date from the Debtors' purported new counsel to discuss the continued use of Cash Collateral and other pressing issues in these cases; indeed, neither the Debtors nor their outgoing counsel have provided the name or contact information of the Debtors' purported new counsel. While Axpo assumes that this is merely an oversight that will be rectified in advance of the upcoming hearing on the Cash Collateral Motion, this is yet another indication that the Debtors cannot survive in bankruptcy over the long term under current management.

6. Consequently, as stated in the Original Objection, Axpo firmly believes that the only viable path to the Debtors' successful emergence from bankruptcy is to move forward expeditiously with a sale of the Debtors' assets to the purchaser previously identified through the Debtors' prepetition marketing efforts. Axpo stands ready to work with the Debtors and their replacement counsel to facilitate that process and will consent to the continued use of its Cash Collateral solely to the extent necessary to preserve the value of those assets and support the sale process. If the Debtors are unable or unwilling to adhere to that process, then Axpo will be left with no option but to seek the appointment of a chapter 11 trustee who is capable of maximizing value for the Debtors' estates and creditors.

7. Accordingly, Axpo will consent to the continued use of Cash Collateral on three conditions: *first*, the continued use of Cash Collateral shall be in accordance with the terms of the

Interim Budget, as may be revised in consultation between Axpo and the Debtors;[4] *second*, such consent is limited to an interim period ending October 16, 2026 (the "Third Interim Period"), with a continued hearing on the use of Cash Collateral to be scheduled the week of October 19th, subject to the Court's availability; and *third*, the use of Cash Collateral during the Third Interim Period shall be conditioned upon the Debtors' affirmative commitment to move forward expeditiously with a sale of all or substantially all of the Debtors' assets to a third party purchaser, with a motion to approve such sale (the "Sale Motion") to be filed on or before the expiration of the Third Interim Period, unless otherwise agreed by Axpo in its sole discretion.

8. Absent each of the foregoing protections being incorporated into any order authorizing further use of Cash Collateral, and notwithstanding the protections provided for in the Interim Orders, Axpo submits that it will not be adequately protected and accordingly will not consent to any further use of Cash Collateral beyond the terms of the Interim Orders.

## RESERVATION OF RIGHTS

9. Axpo reserves all rights to supplement or otherwise adopt additional arguments in connection with this Objection in advance of or at the Final Hearing, and Axpo further reserves any and all rights, remedies and objections regarding (i) final approval of revisions to the Interim Budget or any other budget for the use of Cash Collateral proposed by the Debtors, (ii) the terms of any bidding procedures motion, sale motion, or similar motion regarding the sale of all or substantially all of the Debtors' assets, and (iii) any other issues arising in these cases.

[*Remainder of Page intentionally Left Blank*]

[4] As noted above, Axpo continues to collaborate in good faith with the Debtors to refine the Interim Budget, including without limitation to require the inclusion of more detailed descriptions of the expenses included in the "Ordinary Course Professionals" line item, and reserves all rights related to the form and substance of the Interim Budget.

**CONCLUSION**

**WHEREFORE**, for the reasons set forth herein, Axpo objects to the Debtors' use of Cash Collateral on a final basis as and respectfully request that any order further authorizing Debtors' use of Cash Collateral be conditioned upon the inclusion of the protections requested by Axpo in this Objection.

Dated: September 30, 2026
New York, New York

Respectfully Submitted,

**REED SMITH LLP**

By: /s/ Andrew L. Buck

Andrew L. Buck
599 Lexington Avenue
New York, New York 10022
Telephone: 212.521.5400
Fax: 212.521.5450
Email: abuck@reedsmith.com

\- *and* -

Paul D. Moak (*Admitted Pro Hac Vice*)
221 McKinney Street, Suite 2100
Houston, TX 77010
Telephone: 713.469.3800
Fax: 713.469.3800
Email: pmoak@reedsmith.com

*Attorneys for Axpo U.S. LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of September, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CMF/ECF system, which sent notification to all parties of interest participating in the CMF/ECF system.

*/s/ Andrew L. Buck, Esq.*
Andrew L. Buck, Esq.