**Presentment Date:**
November 10, 2026 at 12:00 p.m.
**Objection Deadline:**
November 3, 2026 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| NEP HOLDINGS INC., et al.,[1] Debtors. | Case No. 26-11988 (DSJ) (Jointly Administered) |

**NOTICE OF PRESENTMENT OF DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING RETENTION AND COMPENSATION OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND OPPORTUNITY TO OBJECT**

PLEASE TAKE NOTICE that the Debtors have filed an application for an order authorizing retention of TFG Accounting & Tax LLC ("TFG") as accountants and Steamer Hart LLP as special regulatory/compliance counsel. The application discloses a prior $32,500 payment to TFG for prepetition work and seeks authority for a separate $7,500 payment to TFG and $5,000 to Steamer Hart LLP as retainers.

PLEASE TAKE FURTHER NOTICE that any objection must be filed and served in accordance with the Bankruptcy Rules, Southern District of New York Local Bankruptcy Rules and the procedures of the Hon. David S. Jones, United States Bankruptcy Judge, by November 3, 2026 at 4:00 p.m. EST. The proposed order will be presented for signature to Judge Jones on November 10, 2026 at 12:00 p.m. EST, or considered at a hearing if the Court so directs. Absent timely objection, the Court may grant the application without further hearing.

Dated: Roslyn, New York
October 18, 2026

SPENCE LAW OFFICE, P.C.
*Proposed Attorneys for Debtors*
By: *s/ Robert J. Spence*

Robert J. Spence, Esq.
55 Lumber Road, Ste 5
Roslyn, New York 11576
516-336-2060

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: NEP Holdings Inc. (2807), Case No. 26-11988 (DSJ); Northeastern Power and Gas, LLC (3206), Case No. 26-11989 (DSJ); and Maven Energy, LLC (7779), Case No. 26-11990 (DSJ) The Debtors' principal place of business is 260 Madison Avenue, 8th Floor, New York, New York 10016.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| NEP HOLDINGS INC., et al.,[1]<br>Debtors. | Case No. 26-11988 (DSJ)<br>(Jointly Administered) |

-------------------------------------------------------------X

**DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING RETENTION AND COMPENSATION OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

The above-captioned debtors and debtors in possession (the "Debtors") seek an order pursuant to 11 U.S.C. §§ 105(a), 327, 328, 330 and 331 authorizing the employment and payment of TFG Accounting & Tax LLC ("TFG") and Steamer Hart LLP (collectively, the "Ordinary Course Professionals") under the ordinary-course procedures set forth below, subject to an aggregate payment cap of $20,000 per calendar month, and the disclosures herein.

**JURISDICTION AND BACKGROUND**

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 and the SDNY standing order of reference. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. On August 19, 2026, NEP Holdings Inc., Northeastern Power and Gas, LLC and Maven Energy, LLC filed chapter 11 petitions. They continue to operate their businesses as debtors in possession under 11 U.S.C. §§ 1107 and 1108. Their cases are jointly administered under Case No. 26-11988 (DSJ).

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: NEP Holdings Inc. (2807), Case No. 26-11988 (DSJ); Northeastern Power and Gas, LLC (3206), Case No. 26-11989 (DSJ); and Maven Energy, LLC (7779), Case No. 26-11990 (DSJ) The Debtors' principal place of business is 260 Madison Avenue, 8th Floor, New York, New York 10016.

3. The Debtors operate retail electricity and natural gas supply businesses serving customers in New York, New Jersey and Massachusetts. Their accounting, tax and regulatory compliance functions are essential to continued operations. The Declaration of Perry Wilson pursuant to Local Bankruptcy Rule 1007-2, dated October 13, 2026, is incorporated by reference.

**PROFESSIONALS AND TERMS**

4. TFG has represented the Debtors for over 3 years. TFG's August 2026 engagement letter (**Exhibit A** hereto), providing for services beginning August 20, 2026, calls for monthly bookkeeping and reconciliations, sales and gross receipts tax filings, year-end closing and income tax returns, and bankruptcy reporting, including monthly operating reports, cash management reports and 13-week forecasts. Hourly rates range from $185 to $400, with monthly invoicing. TFG requires a $7,500 upfront retainer. The Debtors request authority to fund that retainer after entry of the retention order and subject to applicable cash collateral restrictions. The retainer shall be credited against allowed post-petition fees, with any unapplied balance returned to the Debtors, and shall not authorize payment of any prepetition obligation.

5. Steamer Hart's engagement letter (**Exhibit B** hereto) identifies NEP Holdings as client and describes regulatory compliance requirements concerning Northeastern Power and Gas, LLC and Maven Energy, LLC in connection with the chapter 11 reorganization. The companies conduct business in a highly regulated industry involving multiple regulators and in which Steamer Hart have significant experience and expertise. The bankruptcy filing has regulatory implications which require this firm's expertise. Further, Steamer Hart have represented the Debtors for over one year. Julie B. Steamer and Bruce G. Hart are each billed at $525 per hour. The letter provides for a $5,000 retainer deposited in the firm's client trust account, and advance approval of out-of-pocket expenses

exceeding $200 monthly. Authority to fund or replenish the advance is requested only in compliance with applicable cash collateral and compensation orders. The scope of any representation of the subsidiaries should be confirmed in a supplemental Rule 2014 statement.

**DISCLOSURE OF $32,500 PAYMENT TO TFG**

6. The Debtors disclose that TFG received $32,500 for work performed before the August 19, 2026 Petition Date. Such payment was made on September 9, 2026 from the account of Northeastern Power and Gas, LLC ending in 7900. The $32,500 payment was made after the Petition Date, notwithstanding that the services for which it was paid were rendered before the Petition Date. The Debtors understood that the expense was authorized within the cash collateral order and budget, but acknowledge that this does not necessarily constitute specific authorization to pay a prepetition claim. The Debtors understand that the cash collateral order and associated budget arguably contemplated expenditures of this nature; however, the Debtors do not represent that the cash collateral order expressly authorized payment of this particular prepetition obligation or independently approved professional compensation. The Debtors make this disclosure so that the Court and parties in interest may evaluate the payment with full knowledge of the circumstances.

7. The Debtors are not requesting in this application a determination that the $32,500 payment was authorized, unavoidable or otherwise insulated from review. No additional payment on account of TFG's prepetition work is sought. All rights of the Debtors, the United States Trustee, the secured creditor and other parties in interest regarding the payment are reserved. TFG shall disclose the payment and any remaining prepetition claims or connections in its verified Rule 2014 statement. Because the payment was post-petition and satisfied an antecedent obligation, its authorization remains a separate question, including under sections 363 and 549 of the Bankruptcy Code.

## ORDINARY-COURSE RETENTION AND PROPOSED COMPENSATION PROCEDURES

8. The Debtors require these Ordinary Course Professionals to continue essential accounting, tax, energy-industry regulatory and compliance services. TFG estimates fees of approximately $12,500 monthly, and Steamer Hart LLP is expected to incur approximately $5,000 to $7,500 monthly. Accordingly, the combined estimated fees are $17,500 to $20,000 monthly. The Debtors request authority to pay approved post-petition fees and reasonable expenses in the ordinary course, subject to a combined $20,000 aggregate cap per calendar month for both professionals, without individual fee applications for payments within that cap, upon receipt of reasonably detailed invoices and review by the Debtors.

9. The Debtors propose that invoices be provided to the Debtors, the United States Trustee and Axpo (and any subsequently appointed committee) and that payments be permitted only after a 14-day review period without written objection. Amounts in excess of the combined $20,000 monthly cap shall not be paid under these procedures absent further Court order, or a separate fee application and Court approval. Unused capacity in any month shall not carry forward; retainers or advances shall not increase the cap. Payments and application of retainers are subject to the cash collateral orders and budget, and all compensation remains subject to review and disgorgement under the Bankruptcy Code. The professionals shall file verified Rule 2014 disclosures of connections and disinterestedness before payment under these procedures. The Debtors request retention effective August 20, 2026 for TFG and August 26, 2026 for Steamer Hart, or such dates as the Court approves.

10. The engagement letters contain provisions concerning interest, deemed acceptance, arbitration, indemnification and other matters. Such provisions shall not

override the Bankruptcy Code, this Court's jurisdiction or applicable fee-review requirements. The requested ordinary-course procedures do not authorize payment of prepetition claims, including TFG's previously disclosed $32,500 post-petition payment for prepetition work, which is expressly reserved for separate review.

11. Notice will be provided to the United States Trustee, Axpo and its counsel, the creditors of each Debtor, parties filing notice of appearance, and other parties required by applicable rules and orders. The Debtors request entry of the proposed order after notice and an opportunity to object.

WHEREFORE, the Debtors request entry of an order granting the relief described herein and such further relief as is just and proper.

Dated: Roslyn, New York
October 18, 2026

SPENCE LAW OFFICE, P.C.
*Proposed Attorneys for Debtors and Debtors-In-Possession*

By: *s/ Robert J. Spence*

Robert J. Spence, Esq.
55 Lumber Road, Ste 5
Roslyn, New York 11576
516-336-2060

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In re: Chapter 11

NEP HOLDINGS INC., et al.,[2] Case No. 26-11988 (DSJ)

Debtors. (Jointly Administered)

-----------------------------------------------------------X

**DECLARATION OF PERRY WILSON IN SUPPORT OF RETENTION APPLICATION**

I, Perry Wilson, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am President and Chief Executive Officer of the Debtors and am familiar with their operations and the matters described below.

2. The Debtors require TFG Accounting & Tax LLC ("TFG") for accounting, tax compliance, financial reporting and cash flow forecasts and Steamer Hart LLP for specialized regulatory/compliance legal advice. Their respective engagement letters describe the services and rates.

3. TFG requires a $7,500 retainer for its postpetition engagement. Steamer Hart requires a $5,000 retainer for its postpetition engagement. The Debtors propose to fund it only in accordance with any applicable cash collateral and compensation restrictions.

4. TFG previously received $32,500 for prepetition services. The payment was made after the August 19, 2026 Petition Date for services rendered before that date. Such payment was made on September 9, 2026 from the account of Northeastern Power and Gas, LLC ending in 7900. The Debtors understood that the expense was authorized within

[2] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: NEP Holdings Inc. (2807), Case No. 26-11988 (DSJ); Northeastern Power and Gas, LLC (3206), Case No. 26-11989 (DSJ); and Maven Energy, LLC (7779), Case No. 26-11990 (DSJ) The Debtors' principal place of business is 260 Madison Avenue, 8th Floor, New York, New York 10016.

the cash collateral order and budget, but acknowledge that this does not necessarily constitute specific authorization to pay a prepetition claim.

5. I believe the disclosures and requested retention are in the estates' best interests. The Debtors are not requesting approval of the prior $32,500 payment in this application.

6. To my knowledge, subject to the professionals' Rule 2014 statements and any supplements, the engagements are needed for the Debtors' continued operations.

Executed on October 18, 2026, at New York, New York.

________________________________

Perry Wilson

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| NEP HOLDINGS INC., et al.,[3] Debtors. | Case No. 26-11988 (DSJ) (Jointly Administered) |

---------------------------------------------------------------X

**[PROPOSED] ORDER AUTHORIZING RETENTION OF ACCOUNTING AND REGULATORY/COMPLIANCE PROFESSIONALS**

Upon the Debtors' application and supporting declarations in connection with Debtors' Application For An Order Authorizing Retention and Compensation Of Professionals Utilized In The Ordinary Course Of Business; and notice thereof having been sufficient; and there being no objection; and after due notice and consideration, it is ORDERED:

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized to retain TFG Accounting & Tax LLC ("TFG") as accounting/tax professional effective August 20, 2026 and Steamer Hart LLP as special regulatory/compliance counsel effective August 26, 2026, conditioned upon the filing of satisfactory verified disclosures pursuant to Bankruptcy Rule 2014.

3. The engagements are authorized on the terms described in the Application, except that any provision inconsistent with the Bankruptcy Code, applicable compensation procedures, or this Order shall not govern. The Court retains jurisdiction over compensation disputes; no arbitration, indemnification, deemed acceptance, or late charge

[3] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: NEP Holdings Inc. (2807), Case No. 26-11988 (DSJ); Northeastern Power and Gas, LLC (3206), Case No. 26-11989 (DSJ); and Maven Energy, LLC (7779), Case No. 26-11990 (DSJ) The Debtors' principal place of business is 260 Madison Avenue, 8th Floor, New York, New York 10016.

provision is approved to the extent it limits that jurisdiction or conflicts with bankruptcy law.

4. The Debtors may fund a $7,500 TFG retainer and a $5,000 Steamer Hart trust-account advance, subject to any cash collateral restrictions and further orders. No application of such amounts to fees shall occur absent authorization under applicable compensation procedures or further Court order. Any unapplied funds shall remain subject to the estates' rights.

5. Nothing herein approves, ratifies, validates or adjudicates the previously disclosed $32,500 payment to TFG for prepetition services, or bars any party from seeking relief concerning that payment.

6. Each professional shall submit compensation requests on the terms described in the Application, unless otherwise authorized by further order.

7. This Court retains jurisdiction to interpret and enforce this Order.

Dated: ________________, 2026
New York, New York

_______________________________________
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| NEP HOLDINGS INC., et al.,[1] Debtors. | Case No. 26-11988 (DSJ) (Jointly Administered) |

------------------------------------------------------------X

**DECLARATION OF DAVID R. BEHANNA PURSUANT TO BANKRUPTCY RULE 2014(a) IN SUPPORT OF RETENTION OF TFG AS AN ORDINARY COURSE PROFESSIONAL**

I, David R. Behanna, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a director of TFG Accounting & Tax LLC ("TFG") and am authorized to make this declaration on its behalf. I have personal knowledge of its engagement and payment records and have conducted or supervised a reasonable inquiry concerning its connections.

2. The Debtors filed Chapter 11 petitions on August 19, 2026. Under its engagement letter for services beginning August 20, 2026, TFG provides monthly accounting and bookkeeping, reconciliations, sales and gross receipts tax return assistance, year-end closing and income tax returns, and financial and bankruptcy reporting, including monthly operating reports and cash-flow forecasts. TFG has provided accounting and tax service to the Debtors for the past three years.

3. TFG's engagement letter provides for hourly rates of $185–$400, monthly invoices, and a $7,500 upfront retainer. TFG estimates approximately $12,500 in monthly

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: NEP Holdings Inc. (2807), Case No. 26-11988 (DSJ); Northeastern Power and Gas, LLC (3206), Case No. 26-11989 (DSJ); and Maven Energy, LLC (7779), Case No. 26-11990 (DSJ) The Debtors' principal place of business is 260 Madison Avenue, 8th Floor, New York, New York 10016.

fees. Its compensation together with Steamer Hart LLP would be subject to a $20,000 aggregate monthly cap and the review procedures in the proposed retention order.

4. TFG received $32,500 after the August 19, 2026 petition date as payment for services performed before the petition date. This payment was received on September 9, 2026 from the Northeastern Power and Gas, LLC TAB Bank account #501127900. This payment covered monthly retainer invoices for outsourced bookkeeping, accounting and tax services for April through August at $6,500 for each invoice; 90099469 dated April 1, 2026, 90100705 dated May 1, 2026, 90101204 dated June 1, 2026, 90101713 dated July 1, 2026, and 90102252 dated August 1, 2026. The Debtors have stated that they understood the payment was contemplated by the cash collateral order and budget. I do not contend that approval of this retention declaration itself approves, ratifies or immunizes that payment. The remaining unpaid prepetition balance is $16,900.

5. In accordance with Bankruptcy Rule 2014(a), TFG has reviewed, or will complete a review before execution, its connections with the Debtors, their officers, directors, equity holders, creditors (including Axpo U.S. LLC), other parties in interest, their respective counsel and accountants, the United States Trustee and personnel in that office. I personally searched the TFG client database and determined that no connections other than the above-described pre-existing connection with Debtors exists with any of Debtors' officers, directors, equity holders, known creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee or persons employed in that office.

6. Other than its work for the Debtors and the connections listed in Schedule A, TFG has no connections required to be disclosed under Rule 2014(a). TFG will promptly supplement this declaration if further connections become known.

7. TFG holds and represents no interest adverse to the estates regarding its proposed engagement and is disinterested within the meaning of 11 U.S.C. § 101(14), to the extent § 327(a) applies. Any qualification must be disclosed rather than omitted.

8. There is no ownership, management, financial or referral relationship between TFG and any Debtor, insider, Axpo, or another party in interest; there was no compensation paid to TFG before and after filing; and TFG does not hold any claim against any Debtor.

9. TFG will not share compensation in these cases except as permitted by 11 U.S.C. § 504. TFG acknowledges that its contractual provisions regarding interest, deemed invoice acceptance, arbitration, indemnification and other matters are subject to the Bankruptcy Code, this Court's jurisdiction and applicable orders.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 18, 2026, at Lake Grove, New York.

David R. Behanna

David R. Behanna, CPA
for TFG Accounting & Tax LLC

## SCHEDULE A — CONNECTIONS

List each person/entity; nature of connection; relevant dates; whether ongoing; whether fees or claims are outstanding; and explanation why no adverse interest exists. If none after a documented conflicts inquiry, state "None identified after reasonable inquiry."

None identified after reasonable inquiry.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> NEP HOLDINGS INC., et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 26-11988 (DSJ) <br> (Jointly Administered) |

**DECLARATION OF JULIE B. STEAMER PURSUANT TO BANKRUPTCY RULE 2014(a) IN SUPPORT OF RETENTION OF STEAMER HART LLP AS AN ORDINARY COURSE PROFESSIONAL**

I, Julie B. Steamer, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner of Steamer Hart LLP (the "Firm"), authorized to make this declaration on its behalf. The Firm seeks retention as regulatory and compliance counsel in the above-captioned cases. The facts stated are based on my knowledge and a reasonable conflicts inquiry, subject to the confirmations identified below.

2. The Debtors filed their Chapter 11 petitions on August 19, 2026. The Firm's August 26, 2026 engagement letter identifies NEP Holdings Inc. as its client and describes legal services concerning the reorganization and regulatory compliance requirements of Northeastern Power and Gas, LLC and Maven Energy, LLC. In connection with the representation of NEP Holdings Inc. per the engagement letter, the Firm will also directly represent the subsidiaries, Northeastern Power and Gas, LLC and Maven Energy, LLC. Steamer Hart LLP has provided these same services to the Debtors for over one year prior to the filing of these cases.

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: NEP Holdings Inc. (2807), Case No. 26-11988 (DSJ); Northeastern Power and Gas, LLC (3206), Case No. 26-11989 (DSJ); and Maven Energy, LLC (7779), Case No. 26-11990 (DSJ) The Debtors' principal place of business is 260 Madison Avenue, 8th Floor, New York, New York 10016.

3. The Firm's proposed services include energy-industry regulatory and compliance advice needed for continued business operations. To the extent services are bankruptcy-specific rather than ordinary-course regulatory services, the Firm will identify them and comply with any applicable retention and compensation requirements.

4. The engagement letter identifies me and Bruce G. Hart at $525 per hour and calls for a $5,000 advance to be held in the Firm's client trust account and replenished when reduced to $1,000. The Debtors estimate $5,000–$7,500 in monthly regulatory counsel fees, subject with TFG to a combined $20,000 monthly payment cap under the proposed order.

5. In accordance with Bankruptcy Rule 2014(a), I have reviewed, or caused the Firm to review, its connections with the Debtors, their officers, directors and equity holders, known creditors (including Axpo U.S. LLC), other parties in interest, their respective attorneys and accountants, the United States Trustee and persons employed in that office. I personally searched the Firm's client database and determined that no connections other than the above-described pre-existing connection with Debtors exists with any of Debtors' officers, directors, equity holders, known creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee or persons employed in that office.

6. Except for the engagement described above and the connections specifically identified in Schedule A, neither the Firm nor, to my knowledge following reasonable inquiry, its attorneys have connections required to be disclosed under Rule 2014(a). The Firm will supplement this declaration promptly if further connections are discovered.

7. The Firm does not hold or represent an interest adverse to the estates with respect to the matters for which it seeks employment, and is disinterested within the meaning of 11 U.S.C. §

101(14), to the extent § 327(a) applies. Any known qualification or potential conflict must instead be specifically described here.

8. The Firm is owed $3,150.00 for prepetition services rendered to the Debtors. The Firm was paid $10,710.00 on June 15, 2026 from Northeastern Power and Gas, LLC for prepetition services rendered on behalf of itself and its affiliates, and $4,672.50 on January 12, 2026 from Northeastern Power and Gas, LLC for prepetition services rendered on behalf of itself and its affiliates.

9. The Firm will not share compensation received in these cases with persons other than members or regular associates of the Firm except as permitted by 11 U.S.C. § 504 and applicable law. The Firm acknowledges that the engagement letter's arbitration, interest, indemnification and other provisions remain subject to the Bankruptcy Code and orders of this Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 17, 2026, at Boston, Massachusetts.

Julie B. Steamer

Julie B. Steamer
For Steamer Hart LLP

## SCHEDULE A — CONNECTIONS

List each person/entity; nature of connection; relevant dates; whether ongoing; whether fees or claims are outstanding; and explanation why no adverse interest exists. If none after a documented conflicts inquiry, state "None identified after reasonable inquiry."

None identified after reasonable inquiry.

# EXHIBIT A

Accounting & Tax
The New Financial Dialogue

NEP Holdings, Inc. - DIP
260 Madison Avenue, 8th Floor
New York, NY 10016

Dear Perry,

This letter is to confirm our understanding of the terms and objectives of our engagement and the nature and limitations of the services we will provide beginning August 20, 2026.

We will perform the following services:

1. We will update the books and records of NEP Holdings, Inc. and its wholly owned subsidiaries Northeastern Power and Gas, LLC and Maven Energy, LLC on a monthly basis, including the posting of all necessary adjusting and recurring entries, from which internally generated financial statements can be prepared. You agree to provide us with any supporting schedules we may require.

2. We will perform all necessary reconciliations on a monthly basis.

3. We will assist with the preparation and filing of the required sales tax and GRT returns.

4. We will close the books and records at the end of the year and prepare the necessary annual federal, state and local income tax returns.

5. We will assist with preparing the bankruptcy-related reporting documents, which may include monthly operating reports, cash management reporting, 13-week cash flow forecasts and monthly financial statements, as well as reporting to lenders and creditors where required.

The objective of the tax services portion of the engagement is to prepare the tax returns in accordance with Statements on Standards for Tax Services issued by the AICPA and comply with the AICPA's *Code of Professional Conduct*, including the ethical principles of integrity, objectivity, professional competence, and due care.

You are responsible for the safeguarding of assets, the proper recording of transactions in the books of accounts, the substantial accuracy of the financial records, and the full and accurate disclosure to us of all relevant facts affecting the return(s). You also have final responsibility for the tax return and, therefore, the appropriate company officials should review the return carefully before an authorized officer signs and files it.

If, during our work, we discover information that affects prior-year tax returns, we will make you aware of the facts. However, we cannot be responsible for identifying all items that may affect prior-year returns. If you become aware of such information during the year, please contact us to discuss the best resolution of the issue. We will be happy to prepare appropriate amended returns as a separate engagement.

Our work in connection with the preparation of the tax return(s) does not include any procedures designed to discover defalcations or other irregularities, should any exist. The returns will be prepared solely from information provided to us without any verification by us.

In accordance with federal law, in no case will we disclose your tax return information to any location outside the United States, to another tax return preparer outside of our firm for purposes of a second opinion, or to any other third party for any purpose other than to prepare your return without first receiving your consent.

The Internal Revenue Code and regulations impose preparation and disclosure standards with noncompliance penalties on both the preparer of a tax return and on the taxpayer. To avoid exposure to these penalties, it may be necessary in some cases to make certain disclosures to you and/or in the tax return concerning positions taken on the return that do not meet these standards. Accordingly, we will advise you if we identify such a situation, and we will discuss those tax positions that may increase the risk of exposure to penalties and any recommended disclosures before completing the preparation of the return. If we conclude that we are obligated to disclose a position and you refuse to permit disclosure, we reserve the right to withdraw from the tax services portion of the engagement. Likewise, where we disagree about the obligation to disclose a position, you also have a right to choose another professional to prepare your return. In either event, you agree to compensate us for our services to the date of the withdrawal. Our engagement with you will terminate upon our withdrawal.

The IRS permits you to authorize us to discuss, on a limited basis, aspects of your return for one year after the return's due date. Your consent to such a discussion is evidenced by checking a box on the return. Unless you tell us otherwise, we will check that box authorizing the IRS to discuss your return with us.

Certain communications involving tax advice may be privileged and not subject to disclosure to the IRS. By disclosing the contents of those communications to anyone, or by turning over information about those communications to the government, you, your employees, or agents may be waiving this privilege. To protect this right to privileged communication, please consult with us or your attorney prior to disclosing any information about our tax advice.[i] Should you decide it is appropriate for us to disclose any potentially privileged communication, you agree to provide us with written, advance authority to make that disclosure.

Should we receive any request for the disclosure of privileged information from any third party, including a subpoena or IRS summons, we will notify you. In the event you direct us not to make the disclosure, you agree to hold us harmless from any expenses incurred in defending the privilege, including, by way of illustration only, our attorney's fees, court costs, outside adviser's costs, or penalties or fines imposed as a result of your asserting the privilege or your direction to us to assert the privilege.

The return(s) may be selected for review by the taxing authorities. In the event of an audit, you may be requested to produce documents, records, or other evidence to substantiate the items of income and deduction shown on a tax return. Any proposed adjustments by the examining agent are subject to certain rights of appeal. In the event of a tax examination, we will be available, upon request, to represent you. However, such additional services are not included in our fees for preparation of the tax return(s).

**Other Relevant Information**

You are responsible for all management decisions and responsibilities and for designating an individual with suitable skill, knowledge, and experience to oversee our accounting and tax services. You are responsible for evaluating the adequacy and results of the services performed and accepting responsibility for such services.

Fees for these services will be billed at our standard billing rates ranging from $185 to $400 per hour and we require an upfront retainer of $7,500. Our invoices will be rendered each month based on actual hours incurred beginning August 20, 2026 and are payable upon presentation.

Invoices unpaid 30 days past due may be deemed delinquent and are subject to an interest charge of 1.0% per month. In the absence of a written objection to any invoice within 30 days of the invoice date, you will be deemed to have accepted and acknowledged, as correct, the services rendered as described in the invoice and value thereof. In accordance with our firm policies, work may be suspended if your account becomes 30 days or more overdue and will not be resumed until your account is paid in full. If we elect to terminate our services for nonpayment you will be obligated to compensate us for all time incurred and to reimburse us for all out-of-pocket expenditures through the date of termination.

If any dispute arises among the parties hereto, the parties agree to first try in good faith to settle the dispute by mediation administered by the American Arbitration Association under its Rules for Professional Accounting and Related Services Disputes, before resorting to litigation. The costs of any mediation proceeding shall be shared equally by all parties.

Client and accountant both agree that any dispute over fees charged by the accountant to the client will be submitted for resolution by arbitration in accordance with the Rules for Professional Accounting and Related Services Disputes of the American Arbitration Association. Such arbitration shall be binding and final. IN AGREEING TO ARBITRATION, WE BOTH ACKNOWLEDGE THAT, IN THE EVENT OF A DISPUTE OVER FEES CHARGED BY THE ACCOUNTANT, EACH OF US IS GIVING UP THE RIGHT TO HAVE THE DISPUTE DECIDED IN A COURT OF LAW BEFORE A JUDGE OR JURY AND INSTEAD WE ARE ACCEPTING THE USE OF ARBITRATION FOR RESOLUTION.

Should you require financial statements for third-party use, we would be pleased to discuss with you the requested level of service. Such engagements would be considered separate and not deemed to be part of the services described in this engagement letter. Furthermore, any other services you may require in addition to the above will be discussed in advance, billed separately and payable upon presentation.

You agree to hold us harmless and to release, indemnify, and defend us from any liability or costs, including attorney fees, resulting from management's knowing misrepresentations to us.

We appreciate the opportunity to be of service to you and believe this letter accurately summarizes the significant terms of our engagement. If you have any questions, please let us know. If you acknowledge and agree with the terms of our engagement as described in this letter, please sign the enclosed copy and return it to us.

Very truly yours,
**TFG Accounting & Tax, LLC**
By electronic signature

TFG Accounting & Tax, LLC

This engagement letter correctly sets forth the understanding of NEP Holdings, Inc.

Perry Wilson, President

9/18/2026

Date

---

[i] See IRC Sec. 7525, which expands the scope of privileged communication between clients and their tax advisers in matters regarding certain tax advice, except for communications regarding tax shelters.

# EXHIBIT B

steamer hart

August 26, 2026

Mr. Perry Wilson
NEP Holdings, Inc.
260 Madison Avenue, 8th Floor
New York, New York 10016

**Re: <u>Engagement of Steamer Hart LLP</u>**

Dear Mr. Wilson:

This letter agreement (this "***Agreement***") confirms that NEP Holdings, Inc. (the "***Client***" or "***you***") has retained Steamer Hart LLP (the "***Firm***", "***we***" or "***us***") as legal counsel in connection with Client's reorganization under Chapter 11 of the United States Bankruptcy Code and corresponding regulatory compliance requirements of its subsidiaries Northeastern Power and Gas, LLC and Maven Energy, LLC (collectively, the "***Matter***").

*Lawyers*. Julie B. Steamer will be the relationship and billing attorney. Bruce G. Hart may also be engaged for the ***Matter*** as deemed appropriate upon mutual consent of the Client.

*Confidentiality.* We shall treat any proprietary documents or other information we receive about ***Client's*** business in the strictest of confidence, except to the extent that we may be legally compelled to disclose any of such information or we receive permission from ***Client*** to do so. Since we will be acting as ***Client's*** legal counsel with respect to the Matter, any private communications between us shall be protected by the attorney-client and attorney work-product privileges.

*Billing and Invoicing.* For our services as your advisors in connection with the ***Matter***, we will bill hourly. Julie B. Steamer's hourly rate is $525 per hour. Bruce G. Hart's hourly rate is $525 per hour.

In order to commence work on the ***Matter***, we will require an advance payment in the amount of $5,000.00. Those funds will be deposited in our client trust account, and we will draw against them to satisfy our monthly invoices, copies of which will be sent to you. We will advise you when the advance payment has been reduced to $1,000.00. At which time, you agree to replenish the advance to the original amount. Our wire instructions are attached to this Agreement.

Further, we will not incur any out-of-pocket expenses in excess of $200.00 per month without your approval.

*Quality of Service and Limitations.* We will perform our legal services for you to the best of our ability and in accordance with the highest standards of the legal profession. In so doing, however, we will be relying to a certain extent on information you provide to us and we cannot therefore be responsible to you or any third party for the integrity of such information or for any advice we may render to you on the basis of any inaccuracies or misrepresentations therein. We are licensed to practice law in New York, New Jersey, Florida and Texas.

Although we will keep you apprised of any unforeseen issues and whether, in our view, the time and

attention required to properly represent you in this ***Matter*** becomes or has the potential to become out of line with your initial expectations, we cannot guarantee outcomes and any estimates made by us are subject to a number of factors outside of our control. Unless otherwise agreed in writing between us, our fees are not contingent upon outcome of a representation.

*Consent*. You consent to our generally describing the purpose of this engagement, subject to our confidentiality obligations to you, to other persons who may be interested in securing our legal services (including on our website).

*Governing Law.* This Agreement shall be governed by the laws of the State of New York without regard to its rules concerning conflict of laws. Should any dispute arise between us in relation to my fees, you may have the right to arbitrate such dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts (a copy of which will be provided to you upon request).

If at any time you have questions regarding any aspect of our arrangement, please contact me directly. We look forward to a successful and rewarding working relationship.

If this Agreement correctly sets forth your understanding of the attorney-client relationship between us, please (a) sign below, (b) keep an original copy for your records, and (c) return an executed copy to my attention.

Sincerely,

STEAMER HART LLP

Julie B. Steamer

Name: Julie B. Steamer
Title: Partner

If this Agreement correctly sets forth your understanding of the attorney-client relationship between us, please (a) sign below, (b) keep an original copy for your records, and (c) return an executed copy to my attention.

NEP Holdings, Inc.

By:____________________________________

Name: Perry Wilson
Its: CEO and President