SPENCE LAW OFFICE, P.C.
Robert J. Spence, Esq.
55 Lumber Road, Ste 5
Roslyn, New York 11576
516-336-2060
Rspence@spencelawpc.com

*Proposed Attorneys for Debtors and Debtors-In-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| NEP HOLDINGS INC., et al.,[1] Debtors. | Case No. 26-11988 (DSJ) (Jointly Administered) |

--------------------------------------------------------------X

**OMNIBUS NOTICE OF: (A) FILING OF BANKRUPTCY CASES, (B) ADJOURNED 341 MEETING OF CREDITORS, (C) DEBTORS' MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL AND THIRD INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, (D) FILING OF: (1) AMENDED SCHEDULES, (2) AMENDED CONSOLIDATED MATRIX FOR ALL CASES, and (3) NOTICE OF APPEARANCE OF DEBTORS' PROPOSED NEW COUNSEL**

**PLEASE TAKE NOTICE,** that NEP HOLDINGS INC. ("NEP"), NORTHEASTERN POWER AND GAS, LLC ("NPG"), and MAVEN ENERGY, LLC ("Maven") (collectively, the "Debtors"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code on August 19, 2026. Copies of the Notices of Commencement of Cases are annexed hereto as **Exhibit A.** All cases are now jointly administered under NEP Holdings, Inc., Case No. 26-11988 (DSJ) by Order of the Court dated and entered September 17, 2026 Directing Joint Administration of Related Chapter 11 Cases (ECF 29) and directing that all further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 26-11988 (DSJ); and

**PLEASE TAKE FURTHER NOTICE,** that the 341 Meeting of Creditors originally scheduled for September 18, 2026 at 02:00 PM has been adjourned to **October 27. 2026 at 02:30 PM** at **Zoom.us - USTrustee 6**: Meeting ID 160 6479 0874, Passcode 6789012456, Phone 1 (202) 798-4458. A copy of the Original 341 Meeting Notice is annexed hereto as **Exhibit B**; and

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: NEP Holdings Inc. (2807), Case No. 26-11988 (DSJ); Northeastern Power and Gas, LLC (3206), Case No. 26-11989 (DSJ); and Maven Energy, LLC (7779), Case No. 26-11990 (DSJ) The Debtors' principal place of business is 260 Madison Avenue, 8th Floor, New York, New York 10016.

**PLEASE TAKE FURTHER NOTICE,** that in connection with the Debtors' Emergency Motion for Entry of an Interim Order (I) Enforcing the Automatic Stay, (II) Directing Turnover of Property of the Estates, (III) Authorizing the Use of Cash Collateral and Granting Adequate Protection, (IV) Authorizing Payment of Prepetition Wages and Related Obligations, and (V) Scheduling a Final Hearing (ECF 5), annexed hereto as **Exhibit C**, the Court entered the attached Third Interim Order (I) Authorizing The Debtors' Use Of Cash Collateral, (II) Granting Adequate Protection, (III) Authorizing And Directing the Prepetition Secured Party To Facilitate The Debtors' Use Of Cash Collateral, (IV) Authorizing Payment Of Prepetition Wages and Related Obligations, and (V) Scheduling A Further Interim Hearing (ECF 35), annexed hereto as **Exhibit D**; and

**PLEASE TAKE FURTHER NOTICE,** that the Debtors filed their Schedules with the Court on October 14, 2026 (in their respective cases) which schedules are available from the undersigned Debtors' proposed counsel, online through the Court's PACER filing system, or from the Clerk of the Court located at US Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004-1408. Along with the filed Schedules and Statement of Financial Affairs, the Debtors also filed **amended** schedules as follows: NEP Holdings, Inc., Case No. 26-11988 DSJ, filed amended Schedule D and Amended List of 20 Largest Unsecured Creditors annexed hereto as **Exhibit E**; Northeastern Power and Gas, LLC, Case No. 26-11989 DSJ, filed amended Schedules A/B and D and Amended List of 20 Largest Unsecured Creditors annexed hereto as **Exhibit F**; and Maven Energy, LLC, Case No. 26-11990 DSJ, filed amended Schedules A/B and D and Amended List of 20 Largest Unsecured Creditors annexed hereto as **Exhibit G**; and an amended consolidated matrix for all cases (except for the main case - Case No. 26-11988 DSJ - each case contains its own updated matrix), was filed in Case No. 26-11988 (DSJ) showing all **additions** to the matrix and is annexed hereto as **Exhibit H**. Service of the amended schedules is pursuant to LBR SDNY 1007-1 and 1009-1; and

**PLEASE TAKE FURTHER NOTICE,** that a new proposed attorney for the Debtors, Spence Law Office, P.C., has filed the Notice of Appearance annexed hereto as **Exhibit I.**

Should you have any questions concerning the above matters or any of the attachments, please contact the undersigned.

Dated: Roslyn, New York
October 18, 2026

SPENCE LAW OFFICE, P.C.
*Proposed Attorneys for Debtors and Debtors-In-Possession*
By: *s/ Robert J. Spence*
Robert J. Spence, Esq.
55 Lumber Road, Ste 5
Roslyn, New York 11576
516-336-2060
Rspence@spencelawpc.com

# EXHIBIT A

United States Bankruptcy Court
Southern District of New York

# Notice of Bankruptcy Case Filing




A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 11 of the United States Bankruptcy Code, entered on 08/19/2026 at 12:40 AM and filed on 08/19/2026.

**NEP Holdings Inc.**
260 Madison Ave 8th Floor
New York, NY 10016
Tax ID / EIN: 32-2772807

The case was filed by the debtor's attorney:

**Charles Wertman**
Charles Wertman, Esq.
100 Merrick Road Suite 304W
11570
Rockville Centre, NY 11570
516-284-0900

The case was assigned case number 26-11988-dsj to Judge David S Jones.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://ecf.nysb.uscourts.gov or at the Clerk's Office, One Bowling Green, New York, NY 10004-1408.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Vito Genna**
**Clerk, U.S. Bankruptcy Court**

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/18/2026 12:30:26 | | | |
| **PACER Login:** | rjspence | **Client Code:** | |
| **Description:** | Notice of Filing | **Search Criteria:** | 26-11988-dsj |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

United States Bankruptcy Court
Southern District of New York

# Notice of Bankruptcy Case Filing

FILED
08/19/2026
12:45 AM

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 11 of the United States Bankruptcy Code, entered on 08/19/2026 at 12:45 AM and filed on 08/19/2026.

**Northeastern Power and Gas,LLC**
260 Madison Ave. 8th Floor
New York, NY 10016
Tax ID / EIN: 86-2813206

The case was filed by the debtor's attorney:

**Charles Wertman**
Charles Wertman, Esq.
100 Merrick Road Suite 304W
11570
Rockville Centre, NY 11570
516-284-0900

The case was assigned case number 26-11989-dsj to Judge David S Jones.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://ecf.nysb.uscourts.gov or at the Clerk's Office, One Bowling Green, New York, NY 10004-1408.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Vito Genna**
**Clerk, U.S. Bankruptcy Court**

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/18/2026 12:31:27 | | | |
| **PACER Login:** | rjspence | **Client Code:** | |
| **Description:** | Notice of Filing | **Search Criteria:** | 26-11989-dsj |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

United States Bankruptcy Court
Southern District of New York

# Notice of Bankruptcy Case Filing

FILED
08/19/2026
12:53 AM

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 11 of the United States Bankruptcy Code, entered on 08/19/2026 at 12:53 AM and filed on 08/19/2026.

**Maven Energy, LLC**
260 Madison Ave 8th Floor
New York, NY 10016
Tax ID / EIN: 86-3807779

The case was filed by the debtor's attorney:

**Charles Wertman**
Charles Wertman, Esq.
100 Merrick Road Suite 304W
11570
Rockville Centre, NY 11570
516-284-0900

The case was assigned case number 26-11990-dsj to Judge David S Jones.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://ecf.nysb.uscourts.gov or at the Clerk's Office, One Bowling Green, New York, NY 10004-1408.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Vito Genna**
**Clerk, U.S. Bankruptcy Court**

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/18/2026 12:28:22 | | | |
| **PACER Login:** | rjspence | **Client Code:** | |
| **Description:** | Notice of Filing | **Search Criteria:** | 26-11990-dsj |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# EXHIBIT B

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor | NEP Holdings Inc.<br>Name | EIN: | 32−2772807 |
| United States Bankruptcy Court | Southern District of New York | Date case filed for chapter: | 11 8/19/26 |
| Case number: | 26−11988−dsj | | |

Official Form 309F1 (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case

**10/20**

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office and the office of the U.S. Trustee cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | | | |
|---|---|---|---|
| 1. | **Debtor's full name** | NEP Holdings Inc. | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 260 Madison Ave 8th Floor<br>New York, NY 10016 | |
| 4. | **Debtor's attorney**<br>Name and address | Charles Wertman<br>Charles Wertman, Esq.<br>100 Merrick Road Suite 304W<br>11570<br>Rockville Centre, NY 11570 | Contact phone 516−284−0900<br><br>Email: charles@cwertmanlaw.com |
| 5. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | One Bowling Green<br>New York, NY 10004−1408<br><br>Clerk of the Bankruptcy Court:<br>Vito Genna | Office Hours: Monday − Friday 8:30 AM − 5:00 PM<br><br>Contact phone 212−668−2870<br><br>Date: 8/21/26 |
| 6. | **Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath.<br>Creditors may attend, but are not required to do so. | **September 18, 2026 at 02:00 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br><br>**Zoom video meeting. Go to Zoom.us/join, Enter Meeting ID 160 6479 0874, and Passcode 6789012456, OR call 1 (202) 798−4458** |
| | **For additional meeting information go to https://www.justice.gov/ust/ch11moc** | | |

**For more information, see page 2 >**

| | |
|---|---|
| **7. Proof of claim deadline** | **Deadline for filing proof of claim:** Not yet set. If a deadline is set, the court will send you another notice.<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br>All Proofs of Claim must be filed electronically on the Court's website or mailed to the court at the address listed in section 5.<br>Your claim will be allowed in the amount scheduled unless:<br>• your claim is designated as *disputed*, *contingent*, or *unliquidated;*<br>• you file a proof of claim in a different amount; or<br>• you receive another notice.<br>If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.<br>You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| **8. Exception to discharge deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br>**Deadline for filing the complaint:** ____________ |
| **9. Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **10. Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| **11. Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

# EXHIBIT C

Law Offices of Charles Wertman P.C.
Charles Wertman, Esq.
100 Merrick Road, Suite 304W
Rockville Centre, New York 11570
Telephone: (516) 284-0900
charles@cwertmanlaw.com
Proposed Counsel to the Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| NEP HOLDINGS INC. | Case No. 26-11988-dsj |
| Debtor. | |

------------------------------------------------------x

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN INTERIM ORDER (I) ENFORCING THE AUTOMATIC STAY, (II) DIRECTING TURNOVER OF PROPERTY OF THE ESTATES, (III) AUTHORIZING THE USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, (IV) AUTHORIZING PAYMENT OF PREPETITION WAGES AND RELATED OBLIGATIONS, AND (V) SCHEDULING A FINAL HEARING**

NEP Holdings Inc., Northeastern Power and Gas, LLC, and Maven Energy, LLC, as debtors and debtors in possession (collectively, the "Debtors"), respectfully submit this motion (the "Motion") and represent as follows:

**PRELIMINARY STATEMENT**

1. This is an emergency. The Debtors are retail energy suppliers. Their accounts receivable are collected through a lockbox arrangement with Axpo U.S. LLC ("Axpo"), which is both the Debtors' prepetition secured party and the Debtors' wholesale energy supplier. Notwithstanding the commencement of these cases in the early morning hours of August 19, 2026, collections have continued to be swept from the Debtors' accounts, and certain deposit accounts remain restrained. As a result, the Debtors presently have no access to operating cash.



2. The consequences are immediate. The Debtors owe $44,500 to a wholesale supplier due today, August 19, 2026 at 4:00 p.m.; must fund payroll of approximately $25,000 by the close of business tomorrow, August 20, 2026; and owe a further $250,000 due Friday, August 21, 2026. The Debtors are informed that the Court is unavailable tomorrow. Tonight's hearing is therefore the only opportunity to obtain relief before the Debtors' payroll obligation comes due.

3. The relief requested is modest. The Debtors do not seek to borrow. They seek to use their own cash, on an interim basis, under a budget, while granting Axpo the replacement liens contemplated by sections 361 and 363(e) of the Bankruptcy Code. The accounts hold funds substantially in excess of the amounts required.

4. Two points frame the analysis, and both are established by Axpo's own documents. Axpo holds a lien, not title. The Pledge and Security Agreement grants "a security interest" "[a]s collateral security," states that the interest is "granted as security only," preserves the Debtors' equity of redemption, directs any surplus back to the Debtors, and imposes deficiency liability. There is no sale, no absolute assignment, and no true-sale recital anywhere in the document. The swept funds are therefore property of the estates under section 541 and cash collateral under section 363(a).

5. The Debtors have stipulated to nothing. No prepetition document contains any stipulation as to the validity, extent, priority, perfection or enforceability of any Axpo lien, or as to the amount of any Axpo claim. The Debtors expressly reserve all rights, and the Court is not asked to make any such finding tonight.

6. Finally, the relief serves Axpo's interests as much as the Debtors'. Axpo's collateral is the Debtors' receivables. Those receivables exist only while the Debtors serve their customers. Cash

used to buy supply and meet payroll is what generates the collateral. Denying that use does not preserve Axpo's position; it liquidates it, along with the going concern, the customer book, and the Debtors' regulatory standing.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference of the United States District Court for the Southern District of New York, dated January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory predicates for the relief requested are sections 105(a), 361, 362, 363, 503, 507, 541, 542 and 552 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 4001, 6003, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 4001-2 and 9077-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**BACKGROUND**

**A. The Chapter 11 Cases**

9. On August 19, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The petition of NEP Holdings was entered at 12:40 a.m.; the petition of Northeastern was entered at 12:45 a.m.; and the petition of Maven was entered at 12:53 a.m. (collectively, the "Petition Times").

10. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed.



11. Northeastern and Maven are retail energy suppliers serving customers in New York. They purchase electricity and natural gas at wholesale and resell that supply at retail. A substantial portion of their receivables is billed and collected through the local distribution utilities. NEP Holdings is a holding company and the direct or indirect owner of the equity of Northeastern and Maven.

**B. The Axpo Documents**

12. On May 11, 2026, the Debtors and Axpo entered into a package of agreements executed contemporaneously (collectively, the "Transaction Documents"), including: (i) an Energy Supply Agreement among Northeastern and Maven as buyers, NEP Holdings as "MezzCo," and Axpo as seller (the "ESA"); (ii) a Pledge and Security Agreement among Northeastern, Maven and NEP Holdings, as pledgors, and Axpo, as secured party (the "Security Agreement"); (iii) a Parent Agreement between NEP Holdings and Axpo; (iv) an Amended and Restated Schedule and Credit Support Annex to a 2002 ISDA Master Agreement between Axpo and Northeastern and Maven (the "ISDA"); and (v)a Forbearance Agreement between Axpo and Northeastern; and (vi) a Termination and Release Agreement among Capital Foundry Lending, LLC, Northeastern, Maven and Axpo.

13. The Security Agreement grants Axpo a security interest in substantially all assets of Northeastern and Maven, including their accounts, receivables, deposit accounts and proceeds. NEP Holdings granted no lien on accounts, receivables or deposit accounts; its grant is limited to the pledged equity of Northeastern and Maven.

14. Collections are directed to lockbox accounts, and the Transaction Documents identify the following accounts:

| Debtor | Type | Institution | Account No. |
| --- | --- | --- | --- |
| Northeastern Power and Gas, LLC | Lockbox | S&T Bank | [redacted]01584 |
| Northeastern Power and Gas, LLC | Lockbox | TAB Bank | [redacted]3922 |
| Maven Energy, LLC | Lockbox | TAB Bank | [redacted]04011 |
| Northeastern Power and Gas, LLC | Operating | S&T Bank | [redacted]9086 |
| Maven Energy, LLC | Operating | S&T Bank | [redacted]7604 |

15. The Security Agreement does not permit Axpo to sweep the controlled accounts at will. Section 4.02 provides that only "[u]pon the occurrence and during the continuance of an Event of Default," or following a Termination Event or Early Termination Date, and "upon written notice" to Northeastern and Maven, may Axpo issue a notice of exclusive control or withdraw and apply funds from the controlled accounts.

16. Axpo delivered a notice of default dated August 12, 2026 (the "August 12 Notice"), a copy of which is annexed as Exhibit A. It does not supply the predicate for the postpetition sweeps. The August 12 Notice is a notice of default under the Energy Supply Agreement and a related Termination and Release Agreement. It is not a notice of exclusive control, and it nowhere states that Axpo has withdrawn, or intends to withdraw, any funds from the controlled accounts. The only remedy it identifies is prospective and different in kind, stating that if a repayment plan were not communicated, "Axpo intends to exercise all rights and remedies set forth in the Agreement and the Security Documents, including, without limitation, foreclosing on the equity interests of Buyers." The deadline it set for that response was "on or before Wednesday, August 19, 2026," which is the Petition Date. As of the Petition Times, the period Axpo itself established had not expired.



17. Axpo restrained the Debtors' accounts prior to the Petition Date, and that restraint has continued after the Petition Times. Collections on the Debtors' receivables have likewise continued to be applied after the Petition Times. What matters for present purposes is not what Axpo was entitled to do before the filing, but what it has done since. A creditor that has restrained a debtor's accounts before a petition is obligated, upon the filing, to turn over property of the estate under section 542(a), and it may not continue to collect and apply the debtor's cash in satisfaction of a prepetition claim. The August 12 Notice also recites that an earlier Event of Default, noticed on June 17, 2026, "as of the date of this letter has not yet been cured," and Axpo therefore asserts that it has held default rights since at least that date. That assertion, if correct, establishes only that Axpo's remedies matured before these cases were commenced. It does not establish that those remedies survived the filing.

18. In all events, the Court need not resolve whether the August 12 Notice satisfied Section 4.02, because a prepetition entitlement to enforce a lien is not a postpetition entitlement to enforce it. Whatever rights Axpo held on August 12, they are contractual remedies against collateral, and the commencement of these cases stayed their exercise. Section 362(a) does not ask whether a secured party's contractual trigger was satisfied before the filing. It stays enforcement precisely where the creditor would otherwise be entitled to enforce. A contrary rule would read the automatic stay out of every secured transaction in which a default preceded the petition, which is nearly all of them.

19. *United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983) is directly on point. The creditor there had lawfully seized the debtor's property before the filing under a valid prepetition levy, and the Supreme Court nonetheless required turnover to the estate, holding that the

creditor's interest is protected by the adequate protection provisions of the Bankruptcy Code rather than by continued possession. 462 U.S. at 203-12. Axpo's August 12 Notice, whatever its effect, entitles it to adequate protection. It does not entitle it to continue collecting and applying the Debtors' cash after the Petition Times.

20. The August 12 Notice also confirms that Axpo's asserted claim is not a unitary trading obligation. The schedule to that notice itemizes, among other things, a "Term Loan (due 8/11/2026)" of $1,500,000, "Loan Interest," "Payment Extension Interest," and "Collateral Interest." Those are credit obligations. Whatever else may be said of Axpo's rights with respect to physical gas and power transactions, a term loan and the interest accruing on it are not a forward contract, a commodity contract, or a swap agreement, and the safe harbors do not reach them.

21. Following the filing of these Petitions, collections on the Debtors' receivables have continued to be applied and swept, and the Debtors' accounts remain restrained.

22. Prior to filing this Motion, the Debtors notified Axpo of the commencement of these cases, demanded that it cease all further sweeps, applications, transfers and setoffs, and requested its consent to the relief requested. The Debtors also notified the Office of the United States Trustee, and Axpo and the United States Trustee were copied on the Debtors' correspondence with chambers regarding this hearing. As of the filing of this Motion, Axpo has not consented to the relief requested.

## RELIEF REQUESTED

23. By this Motion, the Debtors request entry of an interim order, substantially in the form annexed hereto:

(i) enforcing the automatic stay and directing Axpo and each depository institution to



cease all sweeps, applications, transfers and setoffs with respect to the Debtors' accounts and the funds therein;

(ii) directing turnover to the Debtors, pursuant to section 542(a), of property of the estates, including all amounts applied or swept on or after the applicable Petition Times, and directing each depository institution to release any restraint and to honor the Debtors' instructions in accordance with the Budget;

(iii) authorizing the Debtors to use cash collateral on an interim basis in accordance with the budget annexed hereto (the "Budget"), and granting Axpo adequate protection;

(iv) authorizing, but not directing, the Debtors to pay prepetition wages, salaries and related payroll obligations and to remit associated withholding and payroll taxes, in an aggregate amount not to exceed approximately $25,000, subject to sections 507(a)(4) and 507(a)(5);

(v) scheduling a final hearing; and

(vi) granting such other and further relief as is just and proper.

## BASIS FOR RELIEF

### A. The Swept Funds Are Property of the Estates. Axpo Holds a Lien, Not Title.

24. Section 541(a) brings into the estate "all legal or equitable interests of the debtor in property as of the commencement of the case." That a creditor asserts a lien against property does not remove it from the estate; the creditor holds an interest in estate property, not ownership of it.

25. Axpo's own documents confirm that it holds a lien. Section 2.01(a) of the Security Agreement provides that, "[a]s collateral security for the payment in full when due . . . of the

Secured Obligations," each grantor "grants . . . a security interest" in the described property. Section 2.01(c), captioned "No Assumption of Liability," states that the security interests "are granted as security only" and "constitute[] continuing security" for the obligations.

26. Every other operative provision is consistent. Section 3.08 provides that upon payment in full the agreement terminates and Axpo must return remaining collateral "to or on the order of Pledgors," an equity of redemption incompatible with a sale. Section 3.12(c) directs any surplus "THIRD, to Pledgors." Sections 3.10 and 3.18 impose deficiency liability. Section 3.03(a) requires each grantor to "defend its title to the Collateral." And section 2.02(c) separately restricts the Debtors from selling accounts, confirming that the receivables had not already been sold.

27. There is no true-sale recital, no absolute assignment, and no statement of intent to transfer ownership anywhere in the Security Agreement. The funds swept from the Debtors' accounts are property of the estates, and they are cash collateral within the meaning of section 363(a).

**<u>B The Postpetition Sweeps Violate the Automatic Stay.</u>**

28. Section 362(a) stays, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," 11 U.S.C. § 362(a)(3); "any act to create, perfect, or enforce any lien against property of the estate," id. § 362(a)(4); "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case," id. § 362(a)(6); and "the setoff of any debt owing to the debtor that arose before the commencement of the case," id. § 362(a)(7).

29. The continued sweeping and application of the Debtors' collections after the Petition Times are affirmative acts to exercise control over estate property, to enforce a lien against estate



property, and to collect prepetition claims. *City of Chicago v. Fulton*, 592 U.S. 154 (2021), is not to the contrary. *Fulton* held only that the mere retention of estate property lawfully obtained before the petition does not, without more, violate section 362(a)(3). It did not license the continuing, affirmative postpetition collection and application of a debtor's cash.

**<u>C. The Safe Harbors Do Not Authorize the Sweeps.</u>**

30. The Debtors anticipate that Axpo will invoke sections 556, 560 and 561 of the Bankruptcy Code and the corresponding exceptions in section 362(b). The safe harbors do not reach the conduct at issue, for reasons apparent from the documents themselves.

31. The safe harbors protect the exercise of contractual rights to liquidate, terminate, accelerate and net a protected contract, and to apply margin and settlement payments. They do not authorize the wholesale collection of a debtor's retail accounts receivable under an Article 9 security agreement. The lockbox cash is the proceeds of amounts owed to the Debtors by their retail customers and by the local utilities. It is not margin transferred against a mark-to-market exposure.

32. The ISDA itself draws the distinction. Section 6(f) of the 2002 ISDA Master Agreement provides that "[n]othing in this Section 6(f) will be effective to create a charge or other security interest." Axpo's asserted rights in the receivables and the lockbox therefore rest on the Security Agreement and Article 9 perfection. That is ordinary lien enforcement, subject to sections 362 and 542, and not any netting or close-out right.

33. The ISDA Schedule and its Power, REC and Gas Annexes make no reference whatever to the lockbox accounts, the receivables lien, the control agreements, or the Security Agreement. The only bridge between the two is a deeming clause in section 2.4(a)(ii) of the supply

agreement, not the Credit Support Annex, which purports to provide that "any cash or cash equivalents in the Lockbox Account shall be deemed to be Posted Collateral . . . under the Credit Support Annex." The Credit Support Annex itself specifies cash only as Eligible Collateral and says nothing about receivables or deposit accounts.

34. The parties' recitals that their agreements constitute forward contracts and that they are forward contract merchants do not settle the question. Whether the safe harbors apply is determined by the statute, not by the parties' characterization of themselves, and courts have declined to give effect to contractual self-designation. See In re FirstEnergy Solutions Corp., No. 18-50757, 2019 WL 211801 (Bankr. N.D. Ohio Jan. 15, 2019) (disregarding a contractual recital of forward contract merchant status). The breadth of the recitals here, which invoke among others section 555 (securities contracts) and section 761 (commodity broker liquidations), neither of which has any application to these Debtors, confirms that they are undifferentiated boilerplate rather than a considered characterization. In any event, the Debtors do not ask the Court to determine Axpo's status tonight. The point is narrower: even a party entitled to the protections of sections 556, 560 and 561 receives protection for the liquidation, termination, acceleration and netting of its protected contracts, not for the collection of a debtor's retail accounts receivable under a separate Article 9 security agreement.

35. Nor did the parties elect Automatic Early Termination. Nothing terminated by operation of the filing, and the Debtors are not aware of any notice designating an Early Termination Date or any Early Unwind Notice under the ESA. Nor is the Court asked to resolve these questions tonight: the relief requested is interim, and all parties' rights are reserved.

**<u>D. The Court Should Direct Turnover.</u>**



36. Section 542(a) requires an entity that is in possession, custody or control, during the case, of property that the trustee may use, sell or lease under section 363 to deliver that property to the trustee. The Debtors, as debtors in possession, have the rights and powers of a trustee under section 1107(a).

37. In *United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983), the Internal Revenue Service had lawfully seized the debtor's property before the petition under a valid lien and levy. The Supreme Court nonetheless held that the property remained property of the estate and had to be turned over under 11 U.S.C. § 542(a) so that it could be used in the reorganization, with the creditor's interest protected by the adequate protection provisions of the Code rather than by continued possession. 462 U.S. at 202-04, 211-12. The Court held that "the reorganization estate includes property of the debtor that has been seized by a creditor prior to the filing of a petition for reorganization." Id. at 209. That the seizure was lawful when made was not the question; what mattered was that the estate's reorganization required the property

38.. *Fulton* is not to the contrary on this point. In holding that mere retention does not violate section 362(a)(3), the Court reasoned that a contrary reading would render section 542 superfluous, and identified section 542 as the provision governing turnover of estate property. Axpo cannot invoke *Fulton* to defeat both the stay claim and the turnover claim. If the continuing restraint is not an act barred by section 362(a)(3), it is conduct that section 542(a) requires be undone.

39. That is this case. The funds are property the Debtors may use under section 363. Axpo's interest, to the extent valid and perfected, is adequately protected as described below. Continued possession is not necessary to protect that interest, and it is destroying the collateral it is meant to

preserve.

40. To the extent any element of the requested relief would otherwise proceed by adversary proceeding under Bankruptcy Rule 7001(1), the Debtors request that the Court grant interim relief by motion under sections 105(a) and 363 given the exigency, without prejudice to the commencement of an adversary proceeding. What the Debtors seek on an interim basis is, in substance, authority to use their own cash under a budget and a direction to depositories to honor their instructions. That is relief routinely granted by motion.

**<u>E. The Debtors Should Be Authorized to Use Cash Collateral.</u>**

41. Section 363(c)(2) permits a debtor in possession to use cash collateral with consent or with court authorization. Section 363(e) conditions such use on adequate protection, and section 361 provides that adequate protection may take the form of replacement liens to the extent of any decrease in value. Bankruptcy Rule 4001(b)(2) permits interim authorization "only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing."

42. The Debtors propose the following adequate protection, in each case without any admission or concession as to the validity, extent, priority, perfection or enforceability of any lien or claim asserted by Axpo, all rights as to which are expressly reserved:

(i) replacement liens on postpetition accounts receivable and proceeds, to the extent of any diminution in the value of Axpo's prepetition collateral resulting from the use of cash collateral, with the same validity, extent and priority as Axpo's prepetition liens, if any;

(ii) payment in full, in the ordinary course, of all postpetition amounts owing to Axpo on account of energy supplied after the Petition Date;



(iii) compliance with the Budget, subject to customary variance;

(iv) periodic reporting of collections, receipts and disbursements against the Budget; and

(v) reasonable access to the Debtors' books, records and personnel.

43. The Debtors' use of cash collateral is not expected to diminish Axpo's position. The collateral is receivables, and receivables are generated by continued service to customers. Using cash to purchase supply and fund payroll is what creates the collateral. Halting operations would cause the existing book to run off and the collateral to approach zero within weeks.

**<u>F. The Debtors Should Be Authorized to Pay Prepetition Wages.</u>**

44. The Debtors must fund payroll of approximately $25,000 by the close of business on August 20, 2026. The payroll covers the pay period from August 15, 2026 through August 21, 2026, covers eight employees, and is inclusive of employee withholding and payroll taxes.

45. Because the pay period straddles the Petition Date, only a portion of the payroll represents prepetition obligations. Amounts attributable to services rendered from August 15 through August 18, 2026 are prepetition wages, for which the Debtors seek authority under sections 105(a), 363(b) and 507(a)(4). Amounts attributable to services rendered on and after August 19, 2026 are administrative expenses of the estates under section 503(b)(1)(A), payable in the ordinary course. Amounts withheld from employee wages on account of taxes and similar obligations are held in trust and are not property of the estates, and the Debtors request authority to remit them in the ordinary course.

46. Sections 507(a)(4) and 507(a)(5) afford priority to prepetition wages and to employee benefit plan contributions, up to $17,150 per employee for cases commenced on or after April 1,

2025. The aggregate amount at issue is approximately $25,000 for eight employees for a single weekly period, only part of which is prepetition. No individual employee's prepetition wage claim approaches the statutory cap. The Debtors do not seek authority to pay any insider.

47. Authority to pay prepetition wages is routinely granted under sections 105(a) and 363(b). The Debtors' employees are essential to operations and to the continued generation of the receivables that constitute Axpo's collateral. A failure to meet payroll would cause immediate attrition and harm the estates far beyond the amounts at issue.

**RESERVATION OF RIGHTS**

48. No prepetition agreement between the Debtors and Axpo contains any stipulation as to the validity, extent, priority, perfection or enforceability of any lien asserted by Axpo, or as to the amount of any Axpo claim. The Debtors have reviewed the Security Agreement, the Forbearance Agreement and the Parent Agreement, and no such stipulation appears in any of them. The Debtors have not located a copy of the Termination and Release Agreement referenced in the August 12 Notice and reserve all rights with respect to it.

49. Neither Northeastern nor Maven, the entities whose receivables fund the lockbox accounts, is a party to the Parent Agreement, and neither has waived any right with respect to the automatic stay, adequate protection, or the use of cash collateral. To the extent Axpo relies on any prepetition waiver, agreement not to contest, or consent to stay relief contained in the Parent Agreement, those provisions do not bind Northeastern or Maven, and a prepetition waiver of the automatic stay is in any event unenforceable as against public policy. The stay protects creditors and the estate, not the debtor alone, and its benefits are not the debtor's to bargain away before a case is commenced. Separately, to the extent Axpo relies on any provision that terminates rights



or forfeits property by reason of the commencement of these cases, such provisions are unenforceable under sections 365(e)(1) and 541(c)(1)(B).

50. The Debtors expressly reserve all rights, claims, defenses and causes of action of the Debtors and their estates, including with respect to the validity, extent, priority, perfection and enforceability of any asserted lien; the characterization of any transfer; and any claim under chapter 5 of the Bankruptcy Code. Nothing in this Motion or in any order granting it shall constitute a finding, admission or stipulation on any such matter.

**IMMEDIATE AND IRREPARABLE HARM**

51. Bankruptcy Rules 6003 and 4001(b)(2) permit the relief requested where necessary to avoid immediate and irreparable harm. That standard is satisfied here. A payment of $44,500 was due to a wholesale supplier today, August 19, 2026, at 4:00 p.m., and remains unpaid. Approximately $25,000 must be funded for payroll by the close of business tomorrow, August 20, 2026, a date on which the Court is unavailable. A further $250,000 is due to a wholesale supplier on Friday, August 21, 2026. Nonpayment will place the Debtors in default under their supply arrangements, and a loss of supply would end the Debtors' ability to serve their customers.

52. The Debtors have no source of funds other than the cash in the restrained accounts, which is more than sufficient. Absent relief, the Debtors will default, lose supply, lose their customers, and the value of the estates, and of Axpo's collateral, will be destroyed before a final hearing can be held.

**DISCLOSURES UNDER LOCAL RULE 4001-2**

53. Pursuant to Local Rule 4001-2 and Bankruptcy Rule 4001(b)(1)(B), the Debtors disclose

the material provisions of the relief requested. The Debtors do not seek, and the proposed interim order does not contain, any cross-collateralization, any roll-up of prepetition debt, any waiver of rights under section 506(c), 552(b) or 363(k), any lien on or claim against avoidance actions or their proceeds, any case milestones, any change-of-control provision, any prepayment premium, any reimbursement of the fees or expenses of any prepetition secured party, or any stipulation as to the validity, extent, priority or perfection of any lien.

54. **Use of cash collateral:** Interim authority to use cash collateral solely in accordance with the Budget and solely to the extent necessary to avoid immediate and irreparable harm, in an aggregate amount not to exceed $319,500 through Friday, August 21, 2026, plus ordinary course operating disbursements set forth in the Budget through the final hearing.

55. **Adequate protection:** Replacement liens to the extent of any diminution in value; payment in full of postpetition supply in the ordinary course; Budget compliance; periodic reporting; and reasonable access.

56. **Challenge rights:** Fully preserved for the Debtors, any statutory committee and any other party in interest. The proposed interim order contains no stipulation or admission of any kind regarding Axpo's asserted liens or claims.

**NOTICE**

57. Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region 2; (ii) Axpo U.S. LLC and its counsel; (iii) S&T Bank and TAB Bank; and (iv) *[the holders of the twenty largest unsecured claims against each Debtor, to the extent practicable given the exigency]*. Given the nature of the relief and the immediacy of the Debtors' obligations, the Debtors submit that no other or further notice is necessary, and request that any applicable



notice requirements be shortened or waived pursuant to Bankruptcy Rule 9006(c) and Local Rule 9077-1.

**NO PRIOR REQUEST**

58. No prior request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an interim order, substantially in the form annexed hereto, granting the relief requested herein, scheduling a final hearing, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 19, 2026

*/s/ Charles Wertman*
Charles Wertman, Esq.
100 Merrick Road, Suite 304W
Rockville Centre, NY 11570
(516) 284-0900
*Proposed Counsel to the Debtors and Debtors in Possession*

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| NEP HOLDINGS, INC., *et al.*,[1] | Case No. 26-11988 (DSJ) |
| Debtors. | (Jointly Administered) |

**THIRD INTERIM ORDER (I) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, (III) AUTHORIZING AND DIRECTINGTHE PREPETITION SECURED PARTY TO FACILITATE THE DEBTORS' USE OFCASH COLLATERAL, (IV) AUTHORIZING PAYMENT OF PREPETITION WAGESAND RELATED OBLIGATIONS, AND (V) SCHEDULING A FURTHER INTERIM HEARING**

Upon the emergency motion (the "Motion") of NEP Holdings, Inc. ("NEP Holdings"), Northeastern Power and Gas, LLC ("Northeastern") and Maven Energy, LLC ("Maven," and together with NEP Holdings and Northeastern, the "Debtors"), as debtors and debtors in possession, for entry of an interim order (this "Third Interim Order") pursuant to sections 105(a), 361, 362, 363, 503, 507, 541, 542 and 552 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 4001, 6003, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 4001-2 and 9077-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), seeking, among other things, (i) authorization to further use cash collateral on an interim basis in accordance with the Budget, (ii) the grant of adequate protection to Axpo U.S. LLC ("Axpo" or the "Prepetition Secured Party"), (iii) authorization and direction to the Prepetition Secured Party to take the actions necessary to facilitate such use, including the release of funds to the Debtors, (iv) authorization to pay prepetition wages and related obligations, and (v) the scheduling of a final hearing (the "Final Hearing"); and this Court having conducted (i) an emergency hearing on August 19, 2026 (the "Emergency Hearing"), at which the Court granted certain relief and so-ordered the same orally on the record, effective immediately (the "August 19 Oral Ruling"), which ruling was subsequently memorialized in an order granting the Motion on an interim basis entered by the Court on August

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: NEP Holdings Inc. (2807), Case No. 26-11988 (DSJ); Northeastern Power and Gas, LLC (3206), Case No. 26-11989 (DSJ); and Maven Energy, LLC (7779), Case No. 26-11990 (DSJ). The Debtors' principal place of business is 260 Madison Avenue, 8th Floor, New York, New York 10016.

28 [ECF No. 18] (the "First Interim Order"); (ii) a hearing on September 15, 2026 (the "Second Interim Hearing") after which the Court entered the a second interim order authorizing the Debtors' continued used of Cash Collateral (the "Second Interim Order" and, together with the first Interim Order, the "Interim Orders"); and (iii) a hearing on October 5, 2026 (the "Third Interim Hearing," and, collectively with the Emergency Hearing and the Second Interim Hearing, the "Hearings"); and upon the record of the Hearings and all pleadings filed in these chapter 11 cases; and this Court having jurisdiction to consider the Motion; and it appearing that the relief granted herein is necessary to avoid immediate and irreparable harm and is in the best interests of the Debtors, their estates and their creditors; and after due deliberation and sufficient cause appearing therefor;

**THE COURT HEREBY FINDS AND CONCLUDES:**

A. Petition Date. On August 19, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The petition of NEP Holdings was entered at 12:40 a.m.; the petition of Northeastern was entered at 12:45 a.m.; and the petition of Maven was entered at 12:53 a.m. (collectively, the "Petition Times"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee (a "Committee") has been appointed. Pursuant to the order of the Court dated September 17, 2026 [ECF No. 29], these chapter 11 cases are being jointly administered for procedural purposes only, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b).

B. Jurisdiction and Venue. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference of the United States District Court for the Southern District of New York, dated January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief granted herein are sections 105(a), 361, 362, 363, 503, 507, 541, 542 and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6003, 6004 and 9014, and Local Rules 4001-2 and 9077-1.

C. Notice. Notice of the Motion and the relief requested therein has been provided to (i) the Office of the United States Trustee for Region 2; (ii) Axpo and its counsel; (iii) S&T Bank and

TAB Bank; and (iv) the holders of the twenty (20) largest unsecured claims against each Debtor, to the extent practicable given the exigency. Given the nature of the relief and the immediacy of the Debtors' obligations, such notice constitutes due, proper and sufficient notice under the circumstances and complies with Bankruptcy Rules 2002, 4001(b), 4001(d) and 9014 and Local Rules 4001-2 and 9077-1, and no other or further notice is necessary or shall be required.

D. <u>The Transaction Documents</u>. The following description is derived from the Motion and is set forth for background purposes only. It does not constitute, and shall not be construed as, a stipulation, admission, concession or finding by the Debtors, their estates or any other party in interest as to any matter, including the validity, extent, priority, perfection or enforceability of any lien or claim asserted by the Prepetition Secured Party or the amount of any such claim, all of which are expressly reserved pursuant to paragraph 12 hereof.

(i) *The Transaction Documents.* On May 11, 2026, the Debtors and the Prepetition Secured Party entered into a package of agreements executed contemporaneously (collectively, the "Transaction Documents"), including: (a) an Energy Supply Agreement among Northeastern and Maven, as buyers, NEP Holdings, as "MezzCo," and the Prepetition Secured Party, as seller (the "ESA"); (b) a Pledge and Security Agreement among Northeastern, Maven and NEP Holdings, as pledgors, and the Prepetition Secured Party, as secured party (the "Security Agreement"); (c) a Parent Agreement between NEP Holdings and the Prepetition Secured Party (the "Parent Agreement"); (d) an Amended and Restated Schedule and Credit Support Annex to a 2002 ISDA Master Agreement between the Prepetition Secured Party and Northeastern and Maven (the "ISDA"); (e) a Forbearance Agreement between the Prepetition Secured Party and Northeastern (the "Forbearance Agreement"); and (f) a Termination and Release Agreement among Capital Foundry Lending, LLC, Northeastern, Maven and the Prepetition Secured Party (the "Termination and Release Agreement").

(ii) *The Security Agreement.* The Security Agreement grants the Prepetition Secured Party a security interest in substantially all assets of Northeastern and Maven, including their accounts, receivables, deposit accounts and the proceeds thereof (the "Prepetition Collateral"). NEP Holdings granted no lien on accounts, receivables or deposit accounts; its grant is limited to the pledged equity of Northeastern and Maven. Section

2.01(a) of the Security Agreement grants the security interest "[a]s collateral security," and Section 2.01(c) provides that the security interests are "granted as security only." Section 4.02 permits the Prepetition Secured Party to issue a notice of exclusive control, or to withdraw and apply funds from the controlled accounts, only upon the occurrence and during the continuance of an Event of Default, or following a Termination Event or Early Termination Date, and upon written notice to Northeastern and Maven.

(iii) *The Accounts.* Collections are directed to lockbox accounts. The Transaction Documents identify the following accounts (collectively, the "Accounts," and those subject to control, the "Controlled Accounts"): Northeastern lockbox at S&T Bank, account no. 3003601584; Northeastern lockbox at TAB Bank, account no. 380003922; Maven lockbox at TAB Bank, account no. 380004011; Northeastern operating account at S&T Bank, account no. 3005079086; and Maven operating account at S&T Bank, account no. 3004137604.

(iv) *The August 12 Notice.* The Prepetition Secured Party delivered a notice of default dated August 12, 2026 (the "August 12 Notice"), which recites an earlier Event of Default noticed on June 17, 2026 and sets a response deadline of "on or before Wednesday, August 19, 2026." The schedule to the August 12 Notice itemizes, among other things, a "Term Loan (due 8/11/2026)" of $1,500,000, "Loan Interest," "Payment Extension Interest," and "Collateral Interest."

E. Cash Collateral. The funds on deposit in, and collected through, the Accounts are property of the Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code and constitute "cash collateral" of the Prepetition Secured Party within the meaning of section 363(a) of the Bankruptcy Code (the "Cash Collateral"). This finding is made for purposes of this Third Interim Order only and is without prejudice to the rights of any party at the Final Hearing.

F. Immediate and Irreparable Harm. An immediate and critical need exists for the Debtors to use Cash Collateral and to obtain the turnover of property of their estates in order to fund payroll, satisfy obligations to independent system operators and wholesale suppliers necessary to maintain the Debtors' supply arrangements, load-serving entity status and retail energy supply licenses, and preserve the going concern value of their businesses. Absent the relief granted herein, the Debtors'

estates will suffer immediate and irreparable harm within the meaning of Bankruptcy Rules 4001(b)(2) and 6003(b).

G. Consent; Adequate Protection. At the Emergency Hearing, the Prepetition Secured Party consented, pursuant to section 363(c)(2)(A) of the Bankruptcy Code, to the Debtors' expenditure of Cash Collateral in the amounts and for the purposes authorized under the August 19 Oral Ruling, and the Court so found. The Prepetition Secured Party has consented to the Debtors' use of Cash Collateral in accordance with the Amended Interim Budget (as defined below) on the terms set forth in this Third Interim Order. To the extent such consent is not given as to any use of Cash Collateral authorized hereunder, such use is authorized pursuant to section 363(c)(2)(B) of the Bankruptcy Code. The adequate protection provided in paragraph 6 of this Third Interim Order is fair and reasonable and is sufficient to satisfy the requirements of sections 361, 363(c) and 363(e) of the Bankruptcy Code for purposes of the Debtors' use of Cash Collateral authorized by this Third Interim Order, and is limited to the diminution in value, if any, of the Prepetition Secured Party's interests in the Prepetition Collateral from and after the Petition Date resulting from the Debtors' use of Cash Collateral ("Diminution in Value"). Nothing in this Third Interim Order constitutes a finding that any Diminution in Value has occurred or will occur, or as to the amount thereof.

H. August 19 Oral Ruling. At the Emergency Hearing, the Court orally so-ordered, effective immediately and without application of any otherwise applicable stay, the Debtors' expenditure of Cash Collateral in an aggregate amount not to exceed $596,500 on account of obligations to independent system operators and payroll, determined such expenditures to be an authorized use of cash collateral under section 363 of the Bankruptcy Code on the basis of the Prepetition Secured Party's consent under section 363(c)(2)(A), and further authorized and directed the Prepetition Secured Party to take all actions necessary to facilitate such payments, the release of funds to the Debtors, and any other step needed to effectuate the required transactions, which direction has been fulfilled by the Prepetition Secured Party in all respects as of the date of the First Interim Order.

I. No Stipulations. The Debtors have made no stipulation, admission or concession in the Motion or otherwise as to the validity, extent, priority, perfection or enforceability of any lien asserted by the Prepetition Secured Party, or as to the amount of any claim of the Prepetition

Secured Party, and this Third Interim Order contains no such stipulation. All rights of the Debtors their estates, any Committee and all other parties in interest are fully preserved.

J. Immediate Entry. Good and sufficient cause has been shown to justify the immediate entry of this Third Interim Order, and the relief granted herein is necessary to avoid immediate and irreparable harm to the Debtors' estates.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Motion Granted. The Motion is GRANTED on an further interim basis to the extent set forth in this Third Interim Order. Any objection to the interim relief granted herein that has not been withdrawn, waived or resolved is hereby overruled on the merits.

2. Ratification of the August 19 Oral Ruling. Pursuant to the First Interim Order, the August 19 Oral Ruling was ratified, confirmed and memorialized in all respects, effective as of August 19, 2026. All payments made by the Debtors, and all actions taken by the Prepetition Secured Party, in reliance upon the August 19 Oral Ruling are authorized, approved and ratified. Amounts expended pursuant to the August 19 Oral Ruling shall be credited against, and shall not be counted in addition to, the corresponding line items in the Budget.

3. Authorization to Use Cash Collateral. Subject to the terms of this Third Interim Order, the Debtors are authorized to use Cash Collateral during the period from the Petition Date through and including the Termination Date, solely for the purposes and in the amounts set forth in the budget annexed hereto as **Exhibit A** (the "Second Amended Interim Budget" and, as it may be supplemented, extended or replaced with the prior written consent of the Prepetition Secured Party or by further order of this Court, the "Budget"), subject to the Permitted Variance. Nothing in this Third Interim Order shall obligate the Debtors to make any expenditure set forth in the Budget. Solely to the extent the Debtors lack sufficient cash on hand to pay any individual line item in the Amended Interim Budget, the Prepetition Secured Party is authorized, but not directed, in its sole and absolute discretion, to advance funds to the Debtors in such amounts as are necessary and appropriate to cover such shortfalls (the "Interim Discretionary Advances"), which Interim Discretionary Advances shall be secured by the Replacement Liens (as defined below).

4. Permitted Variance. Compliance with the Budget shall be tested every week, on a cumulative basis beginning on the Petition Date. The test is aggregate only; no line item shall be tested separately. The Debtors shall be in compliance so long as cumulative disbursements do not exceed cumulative budgeted disbursements by more than 10% during the weekly testing period (the "Permitted Variance"). The following shall not count as disbursements for this purpose: fees payable under 28 U.S.C. § 1930 and to the Clerk of the Court; amounts paid pursuant to a separate order of this Court; and any disbursement the Prepetition Secured Party approves in writing. Amounts budgeted but not spent in one testing period remain available in later periods.

5. Authorization and Direction to the Prepetition Secured Party. The Prepetition Secured Party is authorized and directed to take whatever actions are necessary to facilitate the Debtors' use of Cash Collateral in accordance with this Third Interim Order, the release of funds to the Debtors, and any other step needed to facilitate the required transactions, including: (a) releasing to the Debtors' operating accounts, in the amounts and at the times required to fund the Budget, funds held in or collected through the Accounts, including amounts collected or applied on or after the applicable Petition Times; (b) directing or permitting any depository institution party to a deposit account control agreement, including S&T Bank and TAB Bank, to release any restraint, hold or freeze on any Account and to honor the Debtors' instructions with respect to disbursements permitted hereunder; and (c) executing and delivering any instruction, release or other document reasonably requested by the Debtors to effectuate the foregoing. No action taken in accordance with this paragraph shall constitute a violation of the automatic stay, and no depository institution shall incur liability to any person for acting in accordance herewith.

6. Adequate Protection. As adequate protection, and in each case without any admission or concession as to the validity, extent, priority, perfection or enforceability of any lien or claim asserted by the Prepetition Secured Party, all rights as to which are expressly reserved, the Prepetition Secured Party is granted the following:

(a) *Replacement Liens.* Pursuant to sections 361(2) and 363(e) of the Bankruptcy Code, replacement liens in all assets of the Debtors, whether acquired before or after the Petition Date, with the same validity, extent and priority as the prepetition liens of the Prepetition Secured Party, if any, and no greater (the "Replacement Liens").

(b) *Postpetition Supply.* Payment in full, in the ordinary course, of all postpetition amounts owing to the Prepetition Secured Party on account of energy supplied after the Petition Date.

(c) *Reimbursement of Interim Discretionary Advances*. To the extent the Prepetition Secured Party makes any Interim Discretionary Advances, the Prepetition Secured Party is hereby authorized and directed to apply amounts in the Controlled Accounts to reimburse itself in the amount of any such Interim Discretionary Advances immediately upon sufficient funds being deposited into the Controlled Accounts and without further order of the Court.

(d) *Return of Collateral Posting Refunds*. Debtors shall (i) notify the Prepetition Secured Party immediately upon Debtors' receipt of any refunds from an Independent Service Operator (an "ISO"), Utility, Local Distribution Company ("LDC"), Interstate Pipeline, Public Utilities Commission ("PUC"), Insurance Provider, or any other recipient of prepetition collateral postings made by Prepetition Secured Party on behalf of Debtors (a "Collateral Posting Refund"); (ii) remit the full amount of any Collateral Posting Refund to Prepetition Secured Party within two (2) business days of Debtor's receipt thereof; and (iii) remit the Collateral Posting Refund previously received by Debtors from ISO New England in the amount of approximately $290,000 to Prepetition Secured Party within one (1) business day of the entry of this Third Interim Order. For the avoidance of doubt, no characterization of the funds herein (i.e., "Collateral Posting Refund") or turnover of said funds shall constitute an express or implied waiver of any rights the Debtor or its estate may have in connection with said funds whether received or not yet received.

(e) *Budget Compliance.* Compliance with the Budget, subject to the Permitted Variance.

(f) *Bank Account Statements.* Debtors shall provide copies of the Debtors' bank account statements to the Prepetition Secured Lender on a monthly basis.

(g) *Reporting.* Periodic reporting of collections, receipts and disbursements against the Budget, as set forth in paragraph 10.

(h) *Access.* Reasonable access to the Debtors' books, records and personnel during normal business hours upon reasonable prior notice, subject to applicable privileges, which are not waived, and to the Debtors' confidentiality obligations to third parties and applicable customer data privacy requirements.

(i) *Superpriority Claim.* An allowed superpriority administrative expense claim under sections 503(b) and 507(b) of the Bankruptcy Code (the "Superpriority Claim"), subject in all respects to the limitations set forth in paragraph 7.

7. Limitations on the Replacement Liens and the Superpriority Claim. The Replacement Liens (a) shall not attach to any claim or cause of action arising under sections 502(d), 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code or any other avoidance, recovery or subordination action of the Debtors or their estates (collectively, "Avoidance Actions"), or to the proceeds thereof; (b) shall be junior and subordinate to the Carve-Out; and (c) shall not attach to any funds held in trust for a third party that are determined not to be property of the Debtors' estates. The Superpriority Claim (w) is limited in amount to the aggregate Diminution in Value actually suffered; (x) is junior and subordinate in all respects to the Carve-Out; (y) shall not be payable from, and shall not attach to, any Avoidance Action or the proceeds thereof; and (z) shall not be allowed in any amount until the amount of Diminution in Value has been determined by agreement of the Debtors and the Prepetition Secured Party or by further order of this Court, upon notice and a hearing.

8. Prepetition Wages. The Debtors are authorized, but not directed, to pay prepetition wages, salaries and related payroll obligations, and to remit associated withholding and payroll taxes, in an aggregate amount not to exceed approximately $25,000, subject to sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code. Amounts withheld from employee wages on account of taxes and similar obligations are held in trust, are not property of the estates, and may be remitted in the ordinary course.

9. Carve-Out. The Replacement Liens and the 507(b) Claim shall each be subject and subordinate to the Carve-Out. "Carve-Out" means the sum of (a) all fees required to be paid to the Clerk of the Court and to the U.S. Trustee under 28 U.S.C. § 1930(a), together with interest payable under 31 U.S.C. § 3717; (b) all reasonable fees and expenses of any claims and noticing agent

retained in these chapter 11 cases; and (c) all allowed and unpaid fees, costs and expenses of professionals retained under sections 327, 328, 363 or 1103 of the Bankruptcy Code ("Professional Persons"), in an aggregate amount not to exceed the amounts set forth for Professional Persons in the Budget, plus an additional $50,000 following the Termination Date. The Carve-Out shall not be reduced by any retainer held by any Professional Person to compensate the Professional Person for fees and expenses incurred prior to the Petition Date, but the Carve-Out shall be reduced by any retainer available to pay fees and expenses incurred by a Professional Person after the Petition Date.

10. Reporting. The Debtors shall deliver to counsel to the Prepetition Secured Party (with a copy to the U.S. Trustee and counsel to any Committee): (a) on or before Wednesday of each week, commencing September 2, 2026, a variance report comparing actual cash receipts and disbursements to the Budget for the immediately preceding week and on a cumulative basis, with a reasonable explanation of any material variance; (b) on or before Wednesday of each week, a report of collections and an accounts receivable aging; (c) copies of all monthly operating reports concurrently with the filing thereof; and (d) prompt written notice, and in no event later than two (2) business days after a responsible officer of a Debtor obtains knowledge thereof, of any suspension, revocation, non-renewal or threatened suspension, revocation or non-renewal of any retail energy supply license or load-serving entity status. All reporting is subject to applicable privileges, which are not waived, and to the Debtors' confidentiality obligations to third parties and applicable customer data privacy requirements.

11. Termination Date. The Debtors' authorization to use Cash Collateral under this Third Interim Order shall terminate on the earliest to occur of (the "Termination Date"): (a) October 30, 2026, unless extended by written agreement of the Debtors and the Prepetition Secured Party or by further order of this Court; (b) the entry of an order at or following the Final Hearing (the "Final Order"), whereupon such order shall govern; (c) the conversion of any of these chapter 11 cases to a case under chapter 7 of the Bankruptcy Code, or the dismissal of any of these chapter 11 cases; (d) the appointment in any of these chapter 11 cases of a trustee under section 1104 of the Bankruptcy Code, or of an examiner with expanded powers relating to the operation of the Debtors' businesses; (e) the effective date of a chapter 11 plan for any Debtor; (f) the entry of an order granting relief from the automatic stay to any creditor other than the Prepetition Secured

Party with respect to assets having a value in excess of $50,000; (g) the entry of an order granting any lien or superpriority claim senior to or pari passu with the Replacement Liens, other than the Carve-Out and the liens permitted under paragraph 7, without the consent of the Prepetition Secured Party; or (h) the fifth (5th) business day following delivery by the Prepetition Secured Party of a written notice (a "Termination Notice") to the Debtors, their counsel, the U.S. Trustee and counsel to any Committee specifying a Termination Event (as defined below) that has occurred and is continuing (such five (5) business day period, the "Remedies Notice Period"), unless the Termination Event is cured or waived during the Remedies Notice Period.

(i) *Termination Events.* Each of the following is a "Termination Event": (a) the Debtors' failure to comply with the Budget beyond the Permitted Variance; (b) the Debtors' failure to deliver any report required under paragraph 10 within two (2) business days after the date due; (c) the Debtors' breach of any other material provision of this Third Interim Order; (d) the Debtors' filing of any pleading seeking to vacate, amend or modify this Third Interim Order in a manner adverse to the Prepetition Secured Party without its consent; (e) the suspension or revocation of any retail energy supply license or load-serving entity status of any Debtor; (f) the occurrence of any postpetition Event of Default under the Transaction Documents; or (g) the failure of this Court to enter a further interim order by October 30, 2026, or such later date as the Prepetition Secured Party may agree in writing.

(ii) *Remedies Notice Period.* During the Remedies Notice Period, and until the conclusion of any Remedies Hearing, the Debtors may continue to use Cash Collateral to fund payroll, obligations to independent system operators, pipelines, local distribution companies and wholesale suppliers necessary to preserve the Debtors' licenses and supply arrangements, and the Carve-Out. During the Remedies Notice Period the Debtors, any Committee and the U.S. Trustee may seek an emergency hearing before this Court (a "Remedies Hearing"), on such notice as the Court may direct, solely to contest whether a Termination Event has occurred and is continuing and to seek continued authority to use Cash Collateral. The Prepetition Secured Party shall not exercise any right or remedy against the Accounts, the Prepetition Collateral or the Debtors' estates without first obtaining relief from this Court, and the automatic stay shall remain in full force and effect

pending the conclusion of any Remedies Hearing. All rights of the Prepetition Secured Party to oppose such relief and to seek relief from the automatic stay are reserved.

12. No Stipulations; Reservation of Rights. This Third Interim Order contains no stipulation, admission or concession of any kind, and shall not be construed as a finding, as to (a) the validity, extent, priority, perfection or enforceability of any lien or security interest asserted by the Prepetition Secured Party; (b) the amount, validity, allowance or priority of any claim of the Prepetition Secured Party, whether arising under the Transaction Documents, as wholesale energy supplier, under section 503(b)(9) of the Bankruptcy Code or otherwise; (c) the characterization of any prepetition or postpetition transfer; (d) whether any of the Transaction Documents is a forward contract, commodity contract, swap agreement or master netting agreement, or whether the Prepetition Secured Party is a forward contract merchant, swap participant or master netting agreement participant, within the meaning of the Bankruptcy Code; (e) the applicability of sections 555, 556, 560, 561 or 362(b) of the Bankruptcy Code; (f) the effect or sufficiency of the August 12 Notice or of any prior notice of default; or (g) the enforceability of the Parent Agreement or of any purported prepetition waiver of the automatic stay or of rights with respect to the use of cash collateral. All rights, claims, defenses and causes of action of the Debtors, their estates, any Committee and all other parties in interest are expressly preserved, including under chapter 5 of the Bankruptcy Code, with respect to any claim against the Prepetition Secured Party in any capacity, and with respect to the enforcement of the automatic stay and the turnover of property of the estates under section 542(a) of the Bankruptcy Code. All rights of the Prepetition Secured Party are likewise preserved. The Debtors and the Prepetition Secured Party may address stipulations, and the treatment of any of the matters described in this paragraph, in connection with the Final Order.

13. No Waivers. Consistent with the disclosure made under Local Rule 4001-2 in the Motion, this Third Interim Order grants no waiver of any right under section 506(c), 552(b) or 363(k) of the Bankruptcy Code, and no such waiver shall arise or be implied hereunder. All rights under those sections, including the “equities of the case” exception under section 552(b), and all rights with respect to the doctrine of marshaling, are preserved. Whether any such waiver should be granted, and on what terms, is reserved for determination in connection with the Final Order.

14. Modification of the Automatic Stay. The automatic stay is modified solely to the extent necessary to permit (a) the Debtors to grant the Replacement Liens and to perform their obligations under this Third Interim Order, (b) the Prepetition Secured Party to receive and retain payments made in accordance with this Third Interim Order and to take the actions authorized and directed under paragraph 5, and (c) the delivery of any notice required or permitted hereunder. The automatic stay is not otherwise modified, and nothing herein constitutes a waiver of, or consent to relief from, the automatic stay.

15. Local Rule 4001-2. Except to the extent of the Replacement Liens granted by NEP Holdings in all of its assets, this Third Interim Order does not contain, and the Debtors do not seek hereunder, any roll-up of prepetition debt, any waiver of rights under section 506(c), 552(b) or 363(k) of the Bankruptcy Code, any lien on or claim against avoidance actions or their proceeds, any case milestone, any change-of-control provision, any prepayment premium, any reimbursement of the fees or expenses of any prepetition secured party, or any stipulation as to the validity, extent, priority or perfection of any lien. Nothing in this paragraph limits the relief that may be sought by any party, or granted by this Court, in connection with the Final Order.

16. Preservation of the Debtors' Rights. Nothing in this Third Interim Order shall prejudice the Debtors' right to (a) seek authority to obtain postpetition financing under section 364 of the Bankruptcy Code, (b) seek approval of a sale of assets under section 363 of the Bankruptcy Code, (c) seek enforcement of the automatic stay or turnover of property of the estates, whether by motion or by adversary proceeding under Bankruptcy Rule 7001, or (d) oppose any motion by the Prepetition Secured Party, including any motion seeking dismissal of these chapter 11 cases or relief from the automatic stay. Nothing herein constitutes a case milestone or any agreement by the Debtors with respect to the marketing, sale or disposition of any asset or the filing or confirmation of any chapter 11 plan.

17. Binding Effect; No Third-Party Beneficiaries. The provisions of this Third Interim Order shall be binding upon and inure to the benefit of the Prepetition Secured Party, the Debtors and their respective successors and assigns, including any trustee or other estate representative appointed in these chapter 11 cases or in any superseding case under chapter 7 of the Bankruptcy Code, subject in all respects to paragraph 12. Except as expressly provided herein, no rights are created hereunder for the benefit of any third party.

18. Hearing on Continued Use of Cash Collateral on an Interim Basis. A hearing on the continued use of Cash Collateral on an interim Basis shall be held on October 29, 2026 at 10:00 a.m., prevailing Eastern Time. Any objection to the entry of a further interim order shall be filed and served so as to be actually received by (a) proposed counsel to the Debtors, (b) counsel to the Prepetition Secured Party, (c) the U.S. Trustee, and (d) counsel to any Committee, no later than October 23, 2026 at 5:00 p.m. The Debtors shall promptly serve a copy of this Third Interim Order on the parties identified in paragraph C above and on all parties that have filed a notice of appearance, and shall file a certificate of service.

19. Conflicts; Headings. To the extent of any conflict between the terms of this Third Interim Order and the Motion or any prepetition agreement, the terms of this Third Interim Order shall govern and control. Paragraph headings are for convenience of reference only.

20. Effectiveness. This Third Interim Order shall be entered on the docket of each of the above-captioned chapter 11 cases or, if an order directing joint administration of these chapter 11 cases has been entered prior to the entry hereof, on the docket of the lead case in accordance with such order. This Third Interim Order shall be immediately effective and enforceable upon entry, and the requirements and any stay imposed by Bankruptcy Rules 4001(a)(3), 6003, 6004(a), 6004(h), 7062 and 9014, and any other applicable rule, are hereby waived to the extent necessary to permit such immediate effectiveness.

21. Retention of Jurisdiction. This Court retains jurisdiction to hear and determine all matters arising from or relating to the interpretation, implementation or enforcement of this Third Interim Order.

Dated: New York, New York
October 8, 2026

*s/ David S. Jones*
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## SECOND AMENDED INTERIM BUDGET

## 7-WEEK CASH FLOW FORECAST — WEEK ENDING 10/05/2026 THROUGH 11/20/2026

NEP Holdings Inc. (26-11988) | Northeastern Power and Gas, LLC (26-11989) | Maven Energy, LLC (26-11990) — Consolidated, US$, unaudited

| Week # | Wk 7 | Wk 8 | Wk 9 | Wk 10 | Wk 11 | Wk 12 | Wk 13 |
|---|---|---|---|---|---|---|---|
| Week Beginning | 10/05/26 | 10/12/26 | 10/19/26 | 10/26/26 | 11/02/26 | 11/09/26 | 11/16/26 |
| Week Ending | 10/09/26 | 10/16/26 | 10/23/26 | 10/30/26 | 11/06/26 | 11/13/26 | 11/20/26 |
| Status | Post-petition | Post-petition | Post-petition | Post-petition | Post-petition | Post-petition | Post-petition |
| **CASH POSITION — OPENING** | | | | | | | |
| **OPENING CASH** | 549,632 | 445,091 | 382,901 | 852,577 | 561,008 | 872,151 | 641,245 |
| **CASH RECEIPTS** | | | | | | | |
| Customer collections — per Company forecast | 132,555 | 175,038 | 726,060 | 102,134 | 483,591 | 66,038 | 648,381 |
| Other receipts / asset recoveries | - | - | - | - | - | - | - |
| **TOTAL CASH RECEIPTS** | 132,555 | 175,038 | 726,060 | 102,134 | 483,591 | 66,038 | 648,381 |
| **OPERATING DISBURSEMENTS — COST OF SUPPLY** | | | | | | | |
| Power supply — NYISO | 159,670 | 138,237 | 138,237 | 138,237 | 138,237 | 137,643 | 137,544 |
| Power supply — ISO-NE | 2,856 | 3,692 | 3,692 | 3,692 | 3,692 | 4,101 | 4,101 |
| National Grid | - | - | - | - | - | - | - |
| Gas supply — Axpo US | - | - | - | 88,678 | - | - | - |
| Gas supply — SJR | - | - | - | - | - | - | - |
| Pipeline capacity & transport | - | 65,812 | 79,467 | - | - | 65,812 | 18,091 |
| RECs / ZECs — NYSERDA | - | - | - | 39,603 | - | - | 42,656 |
| RECs — Massachusetts | - | - | - | - | - | - | - |
| Pipeline demand charge top-up | - | - | - | - | - | - | - |
| **Total Cost of Supply** | 162,526 | 207,742 | 221,396 | 270,211 | 141,930 | 207,557 | 202,392 |
| **OPERATING DISBURSEMENTS — PAYROLL, SG&A AND TAXES** | | | | | | | |
| Payroll, taxes & benefits | 18,987 | 18,987 | 18,987 | 18,987 | 18,987 | 18,987 | 18,987 |
| Broker commissions | 51,582 | - | - | - | - | 59,900 | - |
| Rent | - | - | - | - | 6,532 | - | - |
| Insurance & Surety Bonds | | | | | | | |
| Other G&A (EDI, software, bank, cust. svc) | | | | | | | |
| Ordinary-course professionals | - | - | - | - | - | - | - |
| Accountants - TGF | - | | - | 7,500 | 5,000 | - | 12,500 |
| Vertex One | - | - | 16,000 | - | - | - | 16,000 |
| Powwr | - | 10,000 | - | - | - | 10,000 | - |
| Luin Sobrevinas and Donna Lucero | - | - | - | 1,900 | - | - | 1,900 |
| Nextiva | - | 500 | - | - | - | 500 | - |
| Health Insurance | - | - | - | 9,000 | - | - | - |
| Sales tax, GRT & Other Tax Remittance | - | - | - | 66,105 | - | - | - |
| Bookkeeping (DOC 24) | 4,000 | - | - | - | - | - | - |
| **Total Payroll, SG&A and Taxes** | 74,570 | 29,487 | 34,987 | 103,492 | 30,519 | 89,387 | 49,387 |
| **RESTRUCTURING & ADMINISTRATIVE DISBURSEMENTS ( ESTIMATED )** | | | | | | | |
| Debtors' counsel | - | | | 20,000 | - | | 15,000 |
| | - | - | - | - | - | - | - |
| US Trustee quarterly fees | - | - | - | - | - | - | - |
| Utility adequate assurance deposits | - | - | - | - | - | - | - |
| First-day order / critical vendor payments | - | - | - | - | - | - | - |
| **Total Restructuring & Administrative** | - | - | - | 20,000 | - | - | 15,000 |
| **TOTAL CASH DISBURSEMENTS** | 237,095 | 237,229 | 256,383 | 393,703 | 172,449 | 296,944 | 266,779 |
| **Weekly Change in Cash** | (104,540) | (62,191) | 469,677 | (291,569) | 311,142 | (230,906) | 381,601 |
| **CASH POSITION — CLOSING** | | | | | | | |
| **CLOSING CASH** | 445,091 | 382,901 | 852,577 | 561,008 | 872,151 | 641,245 | 1,022,846 |

# EXHIBIT E

**Fill in this information to identify the case:**

Debtor name NEP Holdings, Inc.

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known) 26-11988-DSJ

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☒ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☒ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☒ *Schedule H: Codebtors* (Official Form 206H)
- ☒ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☒ Amended *Schedule* D
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration Amended Schedule of 20 Largest Unsecured Claims That are not insiders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 13, 2026

X [signature]
Signature of individual signing on behalf of debtor

Perry Wilson
Printed name

President/CEO
Position or relationship to debtor



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name: NEP Holdings, Inc.

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known): 26-11988-DSJ

☒ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| **Name of creditor and complete mailing address, including zip code** | **Name, telephone number and email address of creditor contact** | **Nature of claim** (for example, trade debts, bank loans, professional services, and government contracts) | **Indicate if claim is contingent, unliquidated, or disputed** | **Amount of claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19114 | | | | | | Unknown |
| MASSACHUSETTS DEPARTMENT OF REVENUE<br>BANKRUPTCY UNIT<br>P.O. BOX 7090<br>Boston, MA 02204 | | | | | | Unknown |
| NYC Department of Finance<br>Office of Legal Affairs<br>375 Pearl Street, 30th Floor<br>New York, NY 10038 | | | | | | Unknown |
| NYS Dept of Tax and Finance<br>Bankruptcy Section<br>PO Box 5300<br>Albany, NY 12205-0300 | | | | | | Unknown |
| Steamer Hart LLP<br>46 Trinity Place, 3rd FL<br>New York, NY 10006 | | Attorneys fees | | | | $3,150.00 |
| TFG Related Entities - Fuoco Group<br>200 Parkway Drive South, Suite 302<br>Hauppauge, NY 11788 | | Accounting Services | | | | $16,900.00 |



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name NEP Holdings, Inc.

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known) 26-11988-DSJ

☒ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

## Part 1: List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| 2.1 Axpo U.S. LLC<br>Creditor's Name<br>575 Fifth Ave<br>Suite 2801<br>New York, NY 10017<br>Creditor's mailing address<br><br>Creditor's email address, if known<br><br>**Date debt was incurred**<br>2025-2026<br>**Last 4 digits of account number**<br><br>**Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | **Describe debtor's property that is subject to a lien**<br>Financing statement not available or not located at time of filing.<br><br>**Describe the lien**<br>Non-Purchase Money Security<br>**Is the creditor an insider or related party?**<br>☐ No<br>☒ Yes<br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed | $6,500,000.00 | $0.00 |

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** $6,500,000.00

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

**List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

**If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

# EXHIBIT F

**Fill in this information to identify the case:**

Debtor name Northeastern Power and Gas, LLC

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known) 26-11989-DSJ

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☒ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☒ *Schedule H: Codebtors* (Official Form 206H)
☒ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☒ Amended *Schedule* B, D
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration Amended Schedule of 20 Largest Unsecured Creditors

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 13, 2026

X [signature]
Signature of individual signing on behalf of debtor

Perry Wilson
Printed name

President/CEO
Position or relationship to debtor



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Fill in this information to identify the case:

Debtor name: Northeastern Power and Gas, LLC

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known): 26-11989-DSJ

[X] Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| **Name of creditor and complete mailing address, including zip code** | **Name, telephone number and email address of creditor contact** | **Nature of claim** (for example, trade debts, bank loans, professional services, and government contracts) | **Indicate if claim is contingent, unliquidated, or disputed** | **Amount of claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| AEC<br>1 Metrotech Center North<br>Suite 301<br>Brooklyn, NY 11201 | | | | | | $18,997.32 |
| American Express National Bank<br>c/o Zwicker and Associates, P.C.<br>P.O. Box 9043<br>Andover, MA 01810-1041 | | | | | | $27,581.99 |
| Bank of America<br>100 North Tryon St.<br>Charlotte, NC 28255 | | | | | | $27,680.00 |
| Bank of America<br>100 North Tryon St.<br>Charlotte, NC 28255 | | | | | | $21,788.00 |
| Box Online<br>447 Sutter St, Suite 405<br>PMB 1116<br>San Francisco, CA 94108 | | | | | | $9,840.60 |
| Cobra Energy<br>65 Margaret Avenue<br>Lawrence, NY 11559 | | | | | | $35,826.19 |
| ECEG<br>70 Lambert Avenue<br>Copiague, NY 11726 | | | | | | $44,424.09 |
| escoADVISOR LLC<br>14 Berry Ct<br>Flanders, NJ 07836 | | | | | | $24,040.00 |



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor Northeastern Power and Gas, LLC
Name

Case number *(if known)* 26-11989-DSJ

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o National Bankruptcy Services, LLC<br>P.O. Box 9013<br>Addison, TX 75001 | | | | | | $12,558.87 |
| Maureen Prainito<br>260 Madison Ave 8fl<br>New York, NY 10016 | | | | | | $80,871.34 |
| Metro Refunds<br>505 Chestnut St<br>Cedarhurst, NY 11516 | | | | | | $35,101.81 |
| MPN Capital<br>867 Boylston Street<br>5th Floor #1821<br>Boston, MA 02116 | | | | | | $9,075.53 |
| NACS Carmine Nuzzi<br>500 Purdy Hill Road<br>Suite 4<br>Monroe, CT 06468 | | | | | | $7,837.35 |
| NECS<br>1274-49th Street<br>Suite 194<br>Brooklyn, NY 11219 | | | | | | $17,056.64 |
| NYS Dept of Tax and Finance<br>Bankruptcy Section<br>PO Box 5300<br>Albany, NY 12205-0300 | | Sales Tax | | | | $966,268.00 |
| Platinum Energy/Matt Lanfear<br>3526 South Creek Road<br>Hamburg, NY 14075 | | | Contingent<br>Unliquidated<br>Disputed | | | $21,513.12 |
| Softsmiths<br>10692 Haddington Dr, Ste 200<br>Houston, TX 77043 | | | | | | $55,551.00 |
| Steve Centineo<br>260 Madison Ave 8fl<br>New York, NY 10016 | | | | | | $24,195.93 |
| Vertex One<br>1321 Upland Drive<br>Suite 8389<br>Houston, TX 77043 | | | | | | $42,152.00 |
| WebFX<br>1705 N Front Street<br>Harrisburg, PA 17102 | | | | | | $28,329.00 |



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor Northeastern Power and Gas, LLC
Name

Case number *(if known)* 26-11989-DSJ



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name Northeastern Power and Gas, LLC

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known) 26-11989-DSJ

☒ Check if this is an amended filing

# Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☒ Yes Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor** — **Current value of debtor's interest**

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value of debtor's interest |
|---|---|---|---|---|
| 3.1. | TAB Bank | Checking | 7900 | $713.71 |
| 3.2. | TAB Bank | Other financial account - Lockbox Depository | 3922 | $0.00 |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. **$713.71**

## Part 2: Deposits and Prepayments

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
☒ Yes Fill in the information below.

7. **Deposits, including security deposits and utility deposits**

| | Description, including name of holder of deposit | Current value of debtor's interest |
|---|---|---|
| 7.1. | Deposits with Independent System Operators (ISOs) - These deposits may be subject to third party rights and/or liens | Unknown |
| 7.2. | Cash Deposit Posted for Surety Bond with Philadelphia Indemnity Insurance Company; Bond Number PA00378400027 for Two Hundred Fifty Thousand Dollars ($250,000.00), on behalf of Northeastern Power and Gas LLC, Principal, in | $75,000.00 |



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor Northeastern Power and Gas, LLC
Name
Case number *(If known)* 26-11989-DSJ

favor of NJ Board of Public Utilities, 44 South Clinton Ave, Trenton, NJ 08625; subject to rights of beneficiary.

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

9. **Total of Part 2.** $75,000.00
Add lines 7 through 8. Copy the total to line 81.

## Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
☒ Yes Fill in the information below.

11. **Accounts receivable** (As of 10/13/26)

| | face amount | | doubtful or uncollectible accounts | | |
|---|---|---|---|---|---|
| 11a. 90 days old or less: | 2,311,385.00 | - | 0.00 | = .... | $2,311,385.00 |

12. **Total of Part 3.** $2,311,385.00
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

## Part 4: Investments

13. **Does the debtor own any investments?**

☒ No. Go to Part 5.
☐ Yes Fill in the information below.

## Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.
☒ Yes Fill in the information below.

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 19. | **Raw materials** | | | | |
| 20. | **Work in progress** | | | | |
| 21. | **Finished goods, including goods held for resale** | | | | |
| 22. | **Other inventory or supplies** (inventory/storage of energy purchases "hedge") | | unknown | | unknown |

23. **Total of Part 5.** $0.00
Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**
☒ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**


Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor Northeastern Power and Gas, LLC Case number *(If known)* 26-11989-DSJ
Name

☒ No
☐ Yes. Book value ______ Valuation method ______ Current Value ______

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☒ No
☐ Yes

**Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☒ No. Go to Part 7.
☐ Yes Fill in the information below.

**Part 7: Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
☒ Yes Fill in the information below.

| | **General description** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|---|
| 39. | **Office furniture** | | | |
| 40. | **Office fixtures** | | | |
| 41. | **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| | computer equipment and software used in the Debtor's business | Unknown | | Unknown |

42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43. **Total of Part 7.** $0.00
Add lines 39 through 42. Copy the total to line 86.

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
☒ No
☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☒ No
☐ Yes

**Part 8: Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☒ No. Go to Part 9.
☐ Yes Fill in the information below.

**Part 9: Real property**

54. **Does the debtor own or lease any real property?**

☒ No. Go to Part 10.
☐ Yes Fill in the information below.

**Part 10: Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**


Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor Northeastern Power and Gas, LLC Case number (If known) 26-11989-DSJ
Name

☐ No. Go to Part 11.
☒ Yes Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 60. | **Patents, copyrights, trademarks, and trade secrets**<br>Wordmark (Logo and Slogan): "N" NORTHEASTERN POWER INNOVATION \| SUSTAINABILITY \| INTEGRATION<br>Serial number 98812711<br>Registration number 7887601 | Unknown | | Unknown |
| 61. | **Internet domain names and websites**<br>Domain: nepower.com - Debtor has the right to use this site subject to the rights of Perry Wilson who purchased the domain name in 2021 | Unknown | | Unknown |
| 62. | **Licenses, franchises, and royalties**<br>MBE Certification(s):<br>NMSDC-Certified Minority Business Enterprise (MBE)<br>Cert No. NY724083 | Unknown | | Unknown |
| | Approved as an ESCO in September 2021 by the New York Public Service Commission | Unknown | | Unknown |
| | NYC Department of Small Business Services certified Minority-Owned Business Enterprise Certificate Number MWCERT2023-1125 | Unknown | | Unknown |
| 63. | **Customer lists, mailing lists, or other compilations**<br>Customer lists and information | Unknown | | Unknown |
| 64. | **Other intangibles, or intellectual property** | | | |
| 65. | **Goodwill**<br>Debtor has customer contracts in the aggregate (with affiliates) of 19,000 RCEs | Unknown | | Unknown |

66. **Total of Part 10.** $0.00

Add lines 60 through 65. Copy the total to line 89.

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107**?**
☒ No
☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☒ No
☐ Yes


Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor Northeastern Power and Gas, LLC — Case number *(If known)* 26-11989-DSJ
Name

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☒ Yes Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**
Description (include name of obligor)

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

Debtor and its affiliates are currently investigating/evaluating claims against creditors and third parties with whom the Debtor has or has had contractual relations including without limitation, claims and causes of action relating to: interference with contractual relationships, breach of contract, aiding and abetting breach of contract, tortious conduct, breach of good faith (violating the implied covenant by exercising contractual power unfairly or without proper notice), lender liability, excessive control, fraud or misrepresentation, statutory violations. — Unknown

**Nature of claim**
**Amount requested** $0.00

Supplementing Question 11 hereof, Debtor is investigating a possible receivable owed from Axpo US LLC — $400,000.00

**Nature of claim** Trade debt
**Amount requested** $0.00

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

Judgement for $106,591.68 against Electric Green Life, LLC, et al. — $0.00

78. **Total of Part 11.** — $400,000.00
Add lines 71 through 77. Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☒ No
☐ Yes


Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor Northeastern Power and Gas, LLC
Name

Case number *(If known)* 26-11989-DSJ

**Part 12: Summary**

**In Part 12 copy all of the totals from the earlier parts of the form**

| | Type of property | Current value of personal property | | Current value of real property |
|---|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $713.71 | | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | $75,000.00 | | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | $2,311,385.00 | | |
| 83. | **Investments.** *Copy line 17, Part 4.* | $0.00 | | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | $0.00 | | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | | |
| 88. | **Real property.** *Copy line 56, Part 9*.......................................................................................> | | | $0.00 |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | + $400,000.00 | | |
| 91. | **Total.** Add lines 80 through 90 for each column | $2,787,098.71 | **+** 91b. | $0.00 |
| 92. | **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | | $2,787,098.71 |



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name: Northeastern Power and Gas, LLC

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known): 26-11989-DSJ

☒ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

## Part 1: List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

Column A — **Amount of claim** — Do not deduct the value of collateral.

Column B — **Value of collateral that supports this claim**

**2.1** Axpo U.S. LLC
Creditor's Name

575 Fifth Ave
Suite 2801
New York, NY 10017
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
2025-2026

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**Describe debtor's property that is subject to a lien**
All assets and personal property of Debtor, wherever located, whether now owned or existing or hereafter acquired or arising, including all products and proceeds of the foregoing.

**Describe the lien**
Non-Purchase Money Security

**Is the creditor an insider or related party?**
☐ No
☒ Yes

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply
☒ Contingent
☒ Unliquidated
☒ Disputed

Column A: $6,500,000.00
Column B: $0.00

**2.2** CENTRAL HUDSON GAS & ELECTRIC CORPORATIO
Creditor's Name

284 SOUTH AVENUE
Poughkeepsie, NY 12601
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
2022

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No

**Describe debtor's property that is subject to a lien**
RIGHT, TITLE AND INTEREST AND PROCEEDS

**Describe the lien**
Non-Purchase Money Security

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply
☒ Contingent

Column A: Unknown
Column B: $0.00



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor Northeastern Power and Gas, LLC Case number (if known) 26-11989-DSJ
Name

including this creditor and its relative priority.

☐ Unliquidated
☐ Disputed

---

**2.3** KEYSPAN GAS EAST CORPORATION | Unknown | $2,311,385.00

Creditor's Name

**Describe debtor's property that is subject to a lien**
ACCOUNT(S) AND PROCEEDS, CONTRACT RIGHTS AND PROCEEDS, GENERAL INTANGIBLE(S) AND PROCEEDS, NEGOTIABLE INSTRUMENTS AND PROCEEDS, ACCOUNTS RECEIVABLE AND PROCEEDS

175 EAST OLD COUNTRY ROAD
Hicksville, NY 11801
Creditor's mailing address

**Describe the lien**
Non-Purchase Money Security

**Is the creditor an insider or related party?**
☒ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**
2021
**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☒ Contingent
☐ Unliquidated
☐ Disputed

---

**2.4** New York ISO | Unknown | $0.00

Creditor's Name

**Describe debtor's property that is subject to a lien**

10 Krey Blvd
Attn: Finance
Rensselaer, NY 12144
Creditor's mailing address

**Describe the lien**
Non-Purchase Money Security

**Is the creditor an insider or related party?**
☒ No
☐ Yes

jboles@nyiso.com
Creditor's email address, if known

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**
2021
**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☒ Contingent
☒ Unliquidated
☐ Disputed

---

**2.5** NEW YORK STATE ELECTRIC & GAS CORP | Unknown | $0.00

Creditor's Name

**Describe debtor's property that is subject to a lien**
ACCOUNTS RECEIVABLE INCLUDING PROCEEDS AND PRODUCTS

aka ROCHESTER GAS AND ELECTRIC CORPORATION
ATTN SUPPLIER RELATIONS
PO BOX 5224
Binghamton, NY 13902-5224
Creditor's mailing address

**Describe the lien**
Non-Purchase Money Security



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor Northeastern Power and Gas, LLC Case number (if known) 26-11989-DSJ
Name

Creditor's email address, if known

**Date debt was incurred**
2022

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply
☒ Contingent
☐ Unliquidated
☐ Disputed

---

2.6 NIAGARA MOHAWK POWER CORPORATION
Creditor's Name
c/o National Grid
300 ERIE BOULEVARD WEST
Syracuse, NY 13202
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
2021

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**Describe debtor's property that is subject to a lien**
ACCOUNTS RECEIVABLE INCLUDING PROCEEDS AND PRODUCTS

Unknown $0.00

**Describe the lien**
Non-Purchase Money Security

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply
☒ Contingent
☐ Unliquidated
☐ Disputed

---

2.7 NJ Board of Public Utilities
Creditor's Name

44 South Clinton Ave
Trenton, NJ 08625
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
2026

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**Describe debtor's property that is subject to a lien**

Unknown $0.00

**Describe the lien**
Bond

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply
☒ Contingent
☐ Unliquidated
☐ Disputed

---

2.8 ORANGE & ROCKLAND UTILITIES, INC.

**Describe debtor's property that is subject to a lien**

Unknown $0.00



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor Northeastern Power and Gas, LLC
Name

Case number (if known) 26-11989-DSJ

Creditor's Name

390 W. ROUTE 59
Spring Valley, NY 10977
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
2021

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**Describe the lien**
Non-Purchase Money Security

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply
☒ Contingent
☐ Unliquidated
☐ Disputed

---

2.9 THE BROOKLYN UNION GAS COMPANY
Creditor's Name

c/o National Grid NY
ONE METROTECH CENTER
Brooklyn, NY 11201
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
2021

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**Describe debtor's property that is subject to a lien**
ACCOUNT(S) AND PROCEEDS, CONTRACT RIGHTS AND PROCEEDS, GENERAL INTANGIBLE(S) AND PROCEEDS, NEGOTIABLE INSTRUMENTS AND PROCEEDS, ACCOUNTS RECEIVABLE AND PROCEEDS

Unknown $0.00

**Describe the lien**
Non-Purchase Money Security

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply
☒ Contingent
☐ Unliquidated
☐ Disputed

---

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** $6,500,000.00

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

**List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

**If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Reed Smith<br>599 Lexington Avenue<br>New York, NY 10022-7650 | Line 2.1 | |



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

# EXHIBIT G

**Fill in this information to identify the case:**

Debtor name Maven Energy, LLC

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known) 26-11990-DSJ

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☒ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☒ *Schedule H: Codebtors* (Official Form 206H)
☒ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☒ Amended *Schedule* B, D
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration Amended List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 13, 2026

X [signature]
Signature of individual signing on behalf of debtor

Perry Wilson
Printed name

President/CEO
Position or relationship to debtor



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name: Maven Energy, LLC

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known): 26-11990-DSJ

☒ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| **Name of creditor and complete mailing address, including zip code** | **Name, telephone number and email address of creditor contact** | **Nature of claim** (for example, trade debts, bank loans, professional services, and government contracts) | **Indicate if claim is contingent, unliquidated, or disputed** | **Amount of claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| Balch & Bingham<br>1901 Sixth Avenue North, Suite 1500<br>Birmingham, AL 35203-4642 | | Attorneys fees | | | | $1,477.00 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19114 | | | | | | Unknown |
| MASSACHUSETTS DEPARTMENT OF REVENUE<br>BANKRUPTCY UNIT<br>P.O. BOX 7090<br>Boston, MA 02204 | | | | | | Unknown |
| NE ISO<br>c/o Eric S. Goldstein, Esq.<br>Shipman & Goodwin LLP<br>One Constitution Plaza<br>Hartford, CT 06103 | | Financing statement not available or not located at time of filing. | Contingent | Unknown | $0.00 | $0.00 |
| NYS Dept of Tax and Finance<br>Bankruptcy Section<br>PO Box 5300<br>Albany, NY 12205-0300 | | | | | | Unknown |
| Vertex One<br>1321 Upland Drive<br>Suite 8389<br>Houston, TX 77043 | | | | | | $29,252.94 |



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name Maven Energy, LLC

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known) 26-11990-DSJ

☒ Check if this is an amended filing

# Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property

12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☒ Yes Fill in the information below.

| **All cash or cash equivalents owned or controlled by the debtor** | | | | **Current value of debtor's interest** |
|---|---|---|---|---|
| 3. | **Checking, savings, money market, or financial brokerage accounts** *(Identify all)* | | | |
| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| 3.1. | TAB Bank | Checking | 8769 | $845,669.00 |
| 3.2. | TAB Bank | ABL Sweep Acct | 4011 | $0.00 |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. **$845,669.00**

## Part 2: Deposits and Prepayments

6. **Does the debtor have any deposits or prepayments?**

☒ No. Go to Part 3.
☐ Yes Fill in the information below.

## Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
☒ Yes Fill in the information below.

11. **Accounts receivable**



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor Maven Energy, LLC — Case number (If known) 26-11990-DSJ
Name

(As of 10/13/26)

| | | | | |
|---|---|---|---|---|
| 11a. 90 days old or less: | 112,502.90 | - | 0.00 | = .... $112,502.90 |
| | face amount | | doubtful or uncollectible accounts | |

12. **Total of Part 3.** $112,502.90

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

**Part 4: Investments**

13. **Does the debtor own any investments?**

☒ No. Go to Part 5.
☐ Yes Fill in the information below.

**Part 5: Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☒ No. Go to Part 6.
☐ Yes Fill in the information below.

**Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☒ No. Go to Part 7.
☐ Yes Fill in the information below.

**Part 7: Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☒ No. Go to Part 8.
☐ Yes Fill in the information below.

**Part 8: Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☒ No. Go to Part 9.
☐ Yes Fill in the information below.

**Part 9: Real property**

54. **Does the debtor own or lease any real property?**

☒ No. Go to Part 10.
☐ Yes Fill in the information below.

**Part 10: Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
☒ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. **Internet domain names and websites** | | | |
| mavenenergy.nepower.com | Unknown | | Unknown |


Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor Maven Energy, LLC Case number *(If known)* 26-11990-DSJ
Name

62. **Licenses, franchises, and royalties**

| | | | |
|---|---|---|---|
| The Commonwealth of Massachusetts<br>Department of Public Utilities<br>Competitive Supplier License<br>License No. CS-194 | Unknown | | Unknown |

63. **Customer lists, mailing lists, or other compilations**

64. **Other intangibles, or intellectual property**

65. **Goodwill**

66. **Total of Part 10.** $0.00

Add lines 60 through 65. Copy the total to line 89.

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107**?**
☒ No
☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☒ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☒ Yes Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**
Description (include name of obligor)

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**


Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor and its affiliates are currently investigating/evaluating claims against creditors and third parties with whom the Debtor has or has had contractual relations including without limitation, claims and causes of action relating to: interference with contractual relationships, breach of contract, aiding and abetting breach of contract, tortious conduct, breach of good faith (violating the implied covenant by exercising contractual power unfairly or without proper notice), lender liability, excessive control, fraud or misrepresentation, statutory violations. Unknown

**Nature of claim**

**Amount requested** $0.00

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

78. **Total of Part 11.** $0.00

Add lines 71 through 77. Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☒ No
☐ Yes



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor Maven Energy, LLC Case number *(If known)* 26-11990-DSJ
Name

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form**

| | Type of property | Current value of personal property | Current value of real property |
|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $845,669.00 | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | $112,502.90 | |
| 83. | **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. | **Real property.** *Copy line 56, Part 9*.........................................................................................> | | $0.00 |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. | **Total.** Add lines 80 through 90 for each column | $958,171.90 | + 91b. $0.00 |
| 92. | **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $958,171.90 |



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name Maven Energy, LLC

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known) 26-11990-DSJ

☒ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

**Part 1: List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|
| 2.1 Axpo U.S. LLC | $6,500,000.00 | $0.00 |
| 2.2 NE ISO | Unknown | $0.00 |

**2.1** Axpo U.S. LLC

Creditor's Name

575 Fifth Ave
Suite 2801
New York, NY 10017

Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
2026

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**Describe debtor's property that is subject to a lien**
NY Financing Statement: All assets and personal property of Debtor, wherever located, whether now owned or existing or hereafter acquired or arising, including all products and proceeds of the foregoing.

**Describe the lien**
Non-Purchase Money Security

**Is the creditor an insider or related party?**
☐ No
☒ Yes

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply
☒ Contingent
☒ Unliquidated
☒ Disputed

---

**2.2** NE ISO

Creditor's Name

c/o Eric S. Goldstein, Esq.
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103

Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No

**Describe debtor's property that is subject to a lien**
Financing statement not available or not located at time of filing.

**Describe the lien**
Non-Purchase Money Security

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply
☒ Contingent



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor Maven Energy, LLC Case number (if known) 26-11990-DSJ
Name

including this creditor and its relative priority.

☐ Unliquidated
☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** $6,500,000.00

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

**List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

**If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

# EXHIBIT H

26-11988-DSJ, ET AL
[ADDITIONS TO MATRIX - ALL CASES]

AEC
1 Metrotech Center North
Suite 301
Brooklyn, NY 11201

Aegean Energy
62-01 34th Avenue
Woodside, NY 11377

American Express National Bank
c/o Zwicker and Associates, P.C.
P.O. Box 9043
Andover, MA 01810-1041

Balch & Bingham
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203-4642

Bank of America
100 North Tryon St.
Charlotte, NC 28255

BCG
150 Irving Place
Suite C
Woodmere, NY 11598

Box Online
447 Sutter St, Suite 405
PMB 1116
San Francisco, CA 94108

Broadway Energy
100 Tec Street
Suite A
Hicksville, NY 11801

CENTRAL HUDSON GAS & ELECTRIC CORPORATIO
284 SOUTH AVENUE

Poughkeepsie, NY 12601

Cobra Energy
65 Margaret Avenue
Lawrence, NY 11559

DOC 24 Enterprises
1641 N 71ST TERRACE HOLLYWOOD
Hollywood, FL 33024

ECEG
70 Lambert Avenue
Copiague, NY 11726

escoADVISOR LLC
14 Berry Ct
Flanders, NJ 07836

Informa
41 Grand Avenue
Suite 101
River Edge, NJ 07661-1947

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19114

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, TX 75001

KEYSPAN GAS EAST CORPORATION
175 EAST OLD COUNTRY ROAD
Hicksville, NY 11801

LC Associates
222 West 79 Street
New York, NY 10024

M&R
266 Main Street
Cornwall, NY 12518

MASSACHUSETTS DEPARTMENT OF REVENUE
BANKRUPTCY UNIT P.O. BOX 7090
Boston, MA 02204

Maureen Prainito
260 Madison Ave 8fl
New York, NY 10016

Maven Energy, LLC
260 Madison Ave
8th FL
New York, NY 10016

Metro Refunds
505 Chestnut St
Cedarhurst, NY 11516

MPN Capital
867 Boylston Street
5th Floor #1821
Boston, MA 02116

NACS Carmine Nuzzi
500 Purdy Hill Road
Suite 4
Monroe, CT 06468

Navigate Power
2211 N Elston Avenue
Suite 208
Chicago, IL 60614

NECS
1274-49th Street
Suite 194
Brooklyn, NY 11219

NE ISO
c/o Eric S. Goldstein, Esq.
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103

New England Power Pool
c/o Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-1212

New York ISO
Attn: Finance
10 Krey Blvd
Rensselaer, NY 12144

NEW YORK STATE ELECTRIC & GAS CORP
ATTN SUPPLIER RELATIONS
aka ROCHESTER GAS AND ELECTRIC CORPORATI
PO BOX 5224
Binghamton, NY 13902-5224

NIAGARA MOHAWK POWER CORPORATION
c/o National Grid
300 ERIE BOULEVARD WEST
Syracuse, NY 13202

NJ Board of Public Utilities
44 South Clinton Ave
Trenton, NJ 08625

Northeastern Power and Gas LLC
260 Madison Ave 8th Fl
New York, NY 10016

NYC Department of Finance
59 MAIDEN LANE
New York, NY 10038

NYC Department of Finance
Office of Legal Affairs

375 Pearl Street, 30th Floor
New York, NY 10038

NYS Dept of Tax and Finance
Bankruptcy Section
PO Box 5300
Albany, NY 12205-0300

NYS DOL
1220 WASHINGTON AVE. BLDG.12, RM 256
Albany, NY 12226

ORANGE & ROCKLAND UTILITIES, INC.
390 W. ROUTE 59
Spring Valley, NY 10977

Perry Wilson
625 W 57th St
New York, NY 10019

Platinum Energy/Matt Lanfear
3526 South Creek Road
Hamburg, NY 14075

Regus Management Group, LLC
15305 Dallas Pkwy Fl 12
Addison, TX 75001-4637

RLS Associates
5183 West Woodmill Drive, Suite 3
Wilmington, DE 19808

Softsmiths
10692 Haddington Dr, Ste 200
Houston, TX 77043

Steve Centineo
260 Madison Ave 8fl
New York, NY 10016

Steamer Hart LLP
46 Trinity Place, 3rd FL
New York, NY 10006

TFG Related Entities - Fuoco Group
200 Parkway Drive South, Suite 302
Hauppauge, NY 11788

THE BROOKLYN UNION GAS COMPANY
c/o National Grid NY
ONE METROTECH CENTER
Brooklyn, NY 11201

The Power Company
111 Congress Avenue
Suite 500
Austin, TX 78701

Upstate Utilities
207 Wallins Corner Road
Suite 103
Amsterdam, NY 12010

Vertex One
1321 Upland Drive Suite 8389
Houston, TX 77043

WebFX
1705 N Front Street
Harrisburg, PA 17102

# EXHIBIT I

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| NEP HOLDINGS INC., et al.,[1] Debtors. | Case No. 26-11988 (DSJ) (Jointly Administered) |

-------------------------------------------------------------X

**NOTICE OF APPEARANCE AND REQUEST FOR NOTICE**

**PLEASE TAKE NOTICE** that:

Under Federal Rules of Bankruptcy Procedure 2002, 9007 and 9010(b), and 11 U.S.C. §§ 102(1), 342, and 1109(b), the undersigned attorneys appear as proposed counsel for debtors NEP HOLDINGS INC., NORTHEASTERN POWER AND GAS, LLC, and MAVEN ENERGY, LLC (collectively, the "Debtors"), and request that all notices given or required to be given in this case and all related cases and proceedings, and all papers served or required to be served in this case and all related cases and proceedings, be given to and served upon:

SPENCE LAW OFFICE, P.C.
Attn: Robert J. Spence
55 Lumber Road, Suite 5
Roslyn, New York 11576
Tel.: (516) 336-2060
Email: rspence@spencelawpc.com

This request includes not only the notices and papers, whether formal or informal, *ex parte* or on notice, written or oral, referred to in the Bankruptcy Rules and Code sections specified above, but also includes, without limitation, orders and notices of any application, motion, petition, pleading, request, complaint or demand, whether formal or informal, whether written or oral and

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: NEP Holdings Inc. (2807), Case No. 26-11988 (DSJ); Northeastern Power and Gas, LLC (3206), Case No. 26-11989 (DSJ); and Maven Energy, LLC (7779), Case No. 26-11990 (DSJ) The Debtors' principal place of business is 260 Madison Avenue, 8th Floor, New York, New York 10016.

whether transmitted or conveyed by mail, courier, hand delivery, telephone, telegraph, telecopier, electronically, or otherwise, which affect or seek to affect in any way the Debtors, any right or interest of the Debtors, or affects or seeks to affect any rights or interest of any party in interest in this case or any related proceeding.

Dated: Roslyn, New York
October 5, 2026

Respectfully submitted,

SPENCE LAW OFFICE, P.C.
Proposed Counsel for Debtors

By: */s/ Robert J. Spence*

Robert J. Spence, Esq.
55 Lumber Road, Suite 5
Roslyn, New York 11576
Tel.: (516) 336-2060